FISHER *v.* STOVALL and others.

(*Nashville.* January 4th, 1887.)

1. CHANCERY PLEADING AND PRACTICE. *Dismissal of bill by complainant not allowed, when. Partnership.*

Where a partner files his bill against his co-partners for an adjustment of partnership accounts and sale of the joint property, after the sale has been made and the account stated by the Master adversely to complainant, and excepted to, the defendants have acquired such an interest in the proceedings that the complainant cannot, over their objection, dismiss his bill.

Case cited and approved: Croft *v.* Johnson, 8 Bax., 394.

2. SAME. *Cross-bill not required.*

In such case a cross-bill is not necessary to enable the Court to render such decree for defendants and against the complainant as the proof may justify.

Case cited and approved: Allen *v.* Allen, 11 Heis., 387.

3. SAME. *Answer not required. Pro confesso. Complainant estopped to make objection.*

And in such case a defendant who has not answered, but suffered decree *pro confesso*, may stand upon the results of the account; and if there be neither answer nor *pro confesso* as to some of the defendants, the complainant, having procured the account himself, cannot make the objection.

---

FROM SMITH.

---

Appeal from the Chancery Court of Smith County, W. G. CROWLEY, Ch.

TURNER & FISHER for Fisher.

A. A. SWOPE and JNO. S. MURRAY for Stovall.

LURTON, J. Complainant, in conjunction with the defendants, purchased the Hartsville & Carthage Turnpike road. A part of the purchase-money was paid in cash, and their joint notes were executed for the remainder, payable to the Clerk of the Chancery Court, at Carthage, the road having been sold under a decree of that court. Partial payments were made upon the deferred purchase-money notes, some paying more than their proportionate share, others less, and some nothing. A decree was rendered against all for a balance unpaid, and the road resold, and at this second sale, or resale, Complainant Fisher, together with Defendant Dyer—one of the original purchasers—became purchasers, and the sale was confirmed to them. The larger part of the purchase-money due on this second sale was paid by Fisher. This last sale seems to have brought only the balance due on original sale. This bill was filed by Fisher against T. T. Stovall, the only survivor of the associated purchasers, and the administrators and heirs of such as were dead. After setting out the facts as to the joint purchase, the unequal payments made, and the judgment, and resale for unpaid purchase-money, and purchase at the second sale by complainant and Dyer, the bill prays for an account between the purchasers and a sale of the road. Upon application of complainant, at an early period in the progress of the cause, a special reference was made to the Master to report upon the indebtedness of the company, and whether or

not a sale of the property was necessary. A report was made upon proof submitted, that the debt of the company (meaning thereby the associated purchasers) was about $1,000, and that there were no assets save the road, its gate-houses, and ferry-boats, and that the purchase-money for the joint property had been paid in very unequal proportions by the owners, and that a sale was necessary, both to pay debts and reimburse those who had paid in excess of their proportions. This report was confirmed, and a sale of the road, with all its appurtenances, ordered and made, and title divested out of the parties to this suit and vested in the purchasers.

Under another order obtained upon application of complainant, and in precise accord with the prayer of his bill, the Master was directed to take and state an account as to all questions raised in the pleadings, showing the amounts paid and expended for said road, or received from it by each of the partners, so as to show how the account stands between them. Under this decree much proof was taken, and the Master's report, when filed, showed a balance favorable to the defendants, Stovall and Williams. Exceptions were filed to this report, but before action was taken upon them, the complainants, over the objection of Defendants Stovall and Williams, obtained leave of the Court to dismiss his bill as to all of the defendants except Dyer; and he did accordingly dismiss his bill as to all save Dyer. From this de-

cree the defendants, Stovall and Williams, appealed to this Court. They now insist that it was error in the Chancellor to permit complainant to dismiss his bill as to them under the then state of the case.

A complainant may, as a general rule, dismiss his bill upon paying costs at any time before decree. But where there has been an interlocutory decree determining a right in favor of a defendant and against complainant, or deciding a matter in which the defendant has an interest, he cannot dismiss his bill without the consent of the defendant. Daniel's Chancery Pleadings, 4th Am. Ed., 790 and 793; *Croft* v. *Johnson,* 8 Baxter, 394.

The complainant in this case has filed his bill for an adjustment of partnership accounts and a sale of the joint property. He has already obtained the sale he sought, and the fund is now held to await the account in order that it may be paid out as it may be necessary to adjust and equalize the joint owners. The account has been taken and the Master's report filed. It is very clear that the defendants, by reason of the decree of sale, the decree for an account, and the report of the Master, have acquired such an interest in the proceedings under this bill and in the decrees pronounced, and by virtue of these decrees, that the complainant ought not to be allowed to dismiss his bill against the protest of the defendants. Complainant having prayed for an account and having obtained an account, must abide by the results. A cross-bill at this stage of the proceed-

ings is not necessary to entitle the Court to render a decree in favor of defendants and against complainant as the proof shall justify. *Allen* v. *Allen*, 11 Heis., 387.

The complainant has prosecuted his suit to a point where the defendants have such a direct interest by reason of the sale of the joint property and the report of the Master upon the account submitted to him, that he cannot now dismiss his bill. The fact that Defendant Stovall had not filed an answer before the motion to dismiss was entered cannot affect the case. He answered before the motion was acted upon. But this was not necessary. A decree *pro confesso* had been taken against him before the report was acted upon. The bill stated no fact which he denies and prayed no relief which he resists.

An answer was wholly unnecessary to enable him to stand upon the results of the account. That some of the heirs of Williams and King had not answered, and that decrees *pro confesso* had not been entered against them, is not important. The administrator of Williams had answered and submitted to the account. The other parties seem to have no interest in the account, and that no notice was taken of them is immaterial as to the matter arising upon the report of the Master. The complainant at least cannot now make this objection as he obtained the reference.

The decree of the Chancellor will be reversed. The report of the Referees modified as to Stovall.

The costs of the appeal will be paid by Fisher. The cause will be remanded to be proceeded with. We do not undertake to pass upon the question as to the rights of complainant under his second purchase, or upon the merits of the cause in any aspect. We only decide that it was error in the Chancellor to permit complainant to dismiss his bill as to Defendants Stovall and Williams.