Gilreath *v.* Gilliland.

GILREATH *v.* GILLILAND.

(*Knoxville.* October 3, 1895.)

1. CONSTITUTIONAL LAW. *Constitutionality of statutes not considered, when.*

The question of the constitutionality of a statute declaring a portion of a stream navigable for flatboats and rafts, does not arise, and should not be passed upon, in a litigation as to the right of one party to float loose logs over the dam of the other constructed in such portion of the stream. (*Post, pp. 384-386.*)

Act construed: Acts 1893, Ch. 118.

Case cited and approved: State *v.* Wilson, 2 Lea, 210.

2. DECREE. *Coram non judice, when.*

The portion of a decree requiring defendants to execute bonds indemnifying plaintiff against injury to his dam from floating logs, which requires plaintiff to so arrange his dam as to allow all reasonable use of the river, is *coram non judice,* where complainant distinctly asserted his right to use the dam as it then was, and the defendant filed no cross-bill, and did not ask for any affirmative relief. (*Post, pp. 386, 387.*)

---

FROM FENTRESS.

---

Appeal from Chancery Court of Fentress County. B. M. WEBB, Ch.

SAM EPPS YOUNG and D. C. YOUNG for Gilreath.

SMITH & SMITH for Gilliland.

CALDWELL, J.   W. A. Gilreath filed this bill to have Chapter 118 of the Acts of 1893 declared unconstitutional, and to restrain J. K. P. Gilliland and others from floating loose logs over his milldam, until they shall execute bonds indemnifying him against any damage that may be done him by such use of their logs.

The Chancellor, hearing the cause upon bill, answers, and proof, was of the opinion that the complainant was entitled to the relief sought, and so adjudged and decreed.

Some of the defendants executed the required bonds after the decree was pronounced, and others, who were unwilling to do so, appealed.

The Court of Chancery Appeals adjudged the said Act of 1893 to be constitutional, affirmed the Chancellor's decree as to the requirement of indemnity bonds, and directed that complainant "so arrange his dam . . . as to allow all reasonable use of the river, at proper seasons, for the passage of logs thrown in loose." Complainant appealed.

Neither the Chancellor nor the Court of Chancery Appeals should have passed upon the constitutionality or unconstitutionality of the aforesaid Act of 1893, that question being a mere abstraction upon this record, and not involved in any real controversy between the parties to this litigation. That Act amends a former Act so "as to provide that Wolf River is hereby declared navigable for flatboats and rafts, from its mouth to the forks of said river, at Phil-

ips Williams', in Fentress County; also, the north fork of said river to the Ollie Crouch farm, in Fentress County." Acts 1893,. Ch. 118, Sec. .1.

Complainant's mill is situated upon that stream, and his dam crosses it below "the forks," within the limit of "declared" navigability, and defendants are above with their logs; but this record fails to show that they contemplate utilizing the provisions of that Act. ˙ Indeed, it discloses an entire absence of any such contemplation or purpose.

There is no allegation in the bill, and no averment in the answers, direct or indirect, that the defendants, or any of them, are attempting, preparing, threatening, or intending to operate flatboats or run rafts over complainant's milldam. The bill charges, only, that the defendants are making preparations to put loose logs into the river above his mill, and float them down over his dam when a suitable rise of water shall come, and the answers set up no other plan or purpose; from which it plainly appears that it is, in reality, a matter of no consequence whatever, to the parties ˙here litigant, whether the Act˙ mentioned be constitutional or unconstitutional. It is of no importance that the complainant and the defendants hold diverse views with respect to the validity of that act, and that both desire. the Court's opinion of it; for, even an "agreed case" will not be entertained, unless it presents an actual ˙ controversy between the parties. "The province of a Court is' to decide, and not advise; to

25—11 p

settle rights, and not to give abstract opinions."
*State* v. *Wilson*, 2 Lea, 210.

Without reference to the validity or invalidity of
Chapter 118, Acts of 1893, whose provisions com-
plainant invoked, and under which the Chancellor and
Court of Chancery Appeals restrained the defendants
until indemnity bonds should be given, and upon
the assumption, without decision, that Wolf River is
not navigable, in any sense, at and above complain-
ant's mill, it was entirely competent for him to
offer, as he did in his bill, to permit the defend-
ants to float loose logs over his dam, upon condition
that they execute bonds to hold him harmless
against loss and injury in consequence thereof. Com-
plainant confirms that offer in his assignment of errors
in this Court, by asking that the decree with re-
spect thereto be affirmed. The defendants acquiesce
in that part of the decree of the Court of Chancery
Appeals, as well as in the rest, by not appealing.

That part of the decree of the Court of Chancery
Appeals which required complainant to "so arrange
his dam . . . as to allow all reasonable use of
the river," etc., is *coram non judice.* Such relief
as that was not sought in any of the pleadings,
nor was any fact or right alleged or averred
upon which it could appropriately have been granted.
Complainant, in his bill, distinctly asserted his right
to have and keep and use his dam as it then was.
He put forth no theory upon which, in granting
him the particular relief sought, he could rightfully be

required to change the situation or condition of his property.

The defendants filed no cross bill, nor asked for affirmative relief in any way.

Modify decree of Court of Chancery Appeals, as indicated by this opinion, and let complainant pay one-half, and defendants the other half of all costs not adjudged by the Chancellor, the balance will be paid as adjudged by him.