# Stewart *v.* Lathrop Mfg. Co.

## (*Knoxville.* November 2, 1895.)

1. ACTION. *Upon usurious contract.*

   One who loans money to another for which a note usurious and illegal on its face is given, payable to a third person, by whom it is indorsed to the lender, may abandon the note and recover on the original consideration in a suit for that purpose, although the note was executed at the time the loan was made. (*Post,* pp. 498–502.)

2. SAME. *Not maintainable upon an usurious note.*

   Doctrine reaffirmed that suit cannot be maintained upon a note stipulating on its face for an usurious rate of interest. (*Post,* p. 501.)

   Cases cited and approved: Ottenheimer *v.* Cook, 10 Heis., 309; Isler *v.* Brunson, 6 Hum., 279; Hutchins *v.* Turner, 8 Hum., 417; Causey *v.* Yates, 8 Hum., 608; Thompson *v.* Collins, 2 Head, 444; Caruthers *v.* Andrews, 2 Cold., 385; Gill *v.* Creed, 3 Cold., 398; Thornburg *v.* Harris, 3 Cold., 172; Cate *v.* Blair, 6 Cold., 640; Richardson *v.* Brown, 1 Leg. Rep., 352; Walker *v.* Young, 2 Leg. Rep., 42; Bank *v.* Mann, 94 Tenn., 22.

3. SAME. *Maintainable upon the original consideration of an usurious note.*

   Doctrine reaffirmed that the payee can abandon the usurious note and maintain suit against the maker upon the original consideration. But a mere indorsee or assignee of the usurious note cannot maintain suit upon the original consideration. (*Post,* p. 501.)

   Cases cited and approved: Kennel *v.* Muncey, Peck, 273; Parker *v.* Cowan, 1 Heis., 518; Ottenheimer *v.* Cook, 10 Heis., 309; Tel-

32—11 P

Stewart *v.* Lathrop Mfg. Co.

ford *v.* Summer, 2 Yer., 255; Scruggs *v.* Luster, 1 Heis., 150; Bank *v.* Swepson, 1 Lea, 355; Bank *v.* Mann, 94 Tenn., 21.

FROM SEQUATCHIE.

Appeal from the Chancery Court of Sequatchie County.   T. M. McCONNELL, Ch.

W. G. M. THOMAS for Complainants.

BYRON POPE and W. D. SPEARS for Defendants.

WILKES, J.   The original bill in this cause was filed as a general creditors' bill to wind up the defendant company as an insolvent corporation, and to distribute its assets among its creditors.

Pending this proceeding, Mrs. H. A. Lathrop filed a petition in the cause, asking to be made a party defendant, and to be permitted to set up and have allowed against the corporation a debt of $5,000, and interest, subject to certain credits, aggregating $720.27, which she claims was for money loaned the company by her.   Her petition, as originally filed, alleged that at the time the loan was made, or soon thereafter, the note of the corporation was executed by J. E. Lathrop, then the president of the company and the son of petitioner.   It was made payable to the said J. E. Lathrop and transferred by indorsement to his mother.   This note on its face

provided to bear 8 per cent. interest, and it was made an exhibit to the petition. The petition was thereupon demurred to because the contract, as evidenced by the note, was, upon its face, usurious and illegal. Thereupon the petition was amended so as to withdraw the note from the pleadings and files, and to strike out all mention of it, or reference to it in the petition, thus basing the right of recovery upon the original consideration of borrowed money.

The other creditors of the corporation thereupon answered the petition, setting up the execution of the note, its illegality upon its face, the fact that the petition originally referred to it and made it an exhibit, and made defense that the contract was merged in the note, that it was illegal, and no recovery could be had on it, and none upon the original consideration because the petitioner stood as the assignee of the note and not as the transferee of the claim based on the original consideration.

Proof was taken, and it abundantly appeared that the $5,000 was the property of petitioner, being the proceeds of a life policy upon her husband, who had been the first president of the company; that it was loaned by her to the company, and handed over to the son, J. E. Lathrop, who succeeded his father as president, and was paid out by him on the debts of the company. It further appeared that the son wrote the note, and framed it as he chose, without any suggestions from the mother, and that it was handed to her, and kept by her with-

out any special examination, simply, as she states, as
a "showing for her money" loaned the company.
The payments afterward made were indorsed by
the son upon the note, in his own hand, and the
entire matter was left to his management and direc-
tion by the mother. Nothing was said as to the
rate of interest the debt was to bear, and the peti-
tioner states that she did not know that the note
provided for an illegal rate of interest, and she did
not desire or contract for an illegal rate.

An order of reference was made to the Master
to report the valid debts against the company, and
he reported the amount of petitioner's claim, but
disallowed it as a debt because it was evidenced by
a note illegal on its face, and because the petitioner
was a stockholder in the corporation and an officer
of the same, and hence not entitled to any pro rata
as a creditor until all other creditors were paid.
This latter objection is not now in any way insisted
upon.

At the request of the other creditors the attorney
of petitioner gave a statement, and filed with it the
original note in controversy, and it thus becomes
part of the record.

Exceptions were taken to the Master's report, and,
on the hearing, the Chancellor, among other things,
decreed that the $5,000, less the credits for pay-
ments made, was a valid debt against the corpora-
tion, and directed that it be so reported and allowed,
and from this decree the other creditors prayed an

appeal, and have assigned as error this action of the Chancellor in allowing the debt and directing its pro rata payment with the other debts of the corporation.

It is very clear that if the suit in this case was based upon the note referred to, it must fail because of the illegality of the same, apparent upon its face. *Ottenheimer* v. *Cook*, 10 Heis., 309; *Isler* v. *Brunson*, 6 Hum., 277; *Hutchins* v. *Turner*, 8 Hum., 417; *Causey* v. *Yates*, 8 Hum., 608; *Thompson* v. *Collins*, 2 Head, 444; *Caruthers* v. *Andrews*, 2 Cold., 385; *Gill* v. *Creed*, 3 Cold., 298; *Thornburg* v. *Harris*, 3 Cold., 172; *Cate* v. *Blair*, 6 Cold., 640; *Richardson* v. *Brown*, 1 Leg. Rep., 352; *Walker* v. *Young*, 2 Leg. Rep., 42; *Bank* v. *Mann*, 10 Pickle, 22.

The law is equally well settled, however, that, as between the maker and payee, the payee can abandon the illegal written evidence of debt and recover from the maker on the original consideration in a suit for that purpose. *Kennel* v. *Muncey*, Peck, 273; *Parker* v. *Cowan & Dickinson*, 1 Heis., 518; *Ottenheimer* v. *Cook*, 10 Heis., 309; *Telford* v. *Summer*, 2 Yer., 255; *Scruggs* v. *Luster*, 1 Heis., 150; *Bank* v. *Swepson*, 1 Lea, 355; *Bank* v. *Mann*, 10 Pickle, 21.

It is said, however, that while this may be so as between the maker and payee, the doctrine does not hold good between the maker and an indorsee or assignee, because there is no privity between

them unless an express promise is made to such assignee or indorsee by the maker, and this is also sustained by authority, and is good law. *Otten-heimer* v. *Cook*, 10 Heis., 309; *Bank* v. *Mann*, 10. Pickle, 22.

We think, however, that this principle is not involved in the present case. The error arises in looking at the form and not the real substance of the transaction. The case at bar is not one where the consideration moves between the maker and payee on which only the payee can base a right of action. Here the consideration for the claim sued on proceeded directly from the petitioner to the corporation, and not from the payee to the corporation. It. is not the case of an indebtedness growing out of a transaction between the payee and the maker, but out of a consideration moving wholly from the petitioner, who by the form of the transaction is made to appear as assignee, when, in fact, she is the original lender of the money and the source of consideration.

There was, so far as this record shows, no loan by the mother to the son and a further loan by the son to the corporation, in which event the corporation would become debtor to the son and he to the mother, but it was a loan by the mother direct to the corporation, of her own money, which the son, doubtless to render himself liable also, put into a form different from the real transaction, and, so far as this record shows, without authority from the mother. Or, again, if the loan had been made by

the son to the company of his own money, and note taken therefor, and this had been · afterward assigned to the mother, then the authorities would be in point.

We think we need not examine the other contention, that there was a subsequent promise to pay the debt to the mother, as evidenced by the terms of the assignment made by the company of its property, as we are of opinion the mother is not, in fact or law, occupying the place of an assignee or indorsee, but entitled to all the rights growing out of the consideration of the contract in the first instance, and entitled to recover upon the original consideration.

It is said that there is a difference between the cases where an illegal note is executed for a preexisting debt, and where such note is executed at the time the contract is made, and that the rule does not apply in the latter class of cases so that suit may be brought on the original consideration, and we are cited to some authorities as sustaining this position. But we think the authorities cited do not sustain the contention, nor is it based on sound reason or any tenable ground. The illegal note is a mere evidence of the contract, but the validity of the contract does not depend upon its execution, but rests upon the original agreement of the parties and the consideration on which it is based. The contract exists and is valid to the extent of the original consideration, although the note, which is the mere evidence of it, may be illegal and void as to the provision in regard to interest. The original consid-

eration is not vitiated by the illegal note, nor is it merged in the written contract or note, or in any way extinguished by it. *Kennel* v. *Muncey*, Peck, 273; *Parker et al.* v. *Dickinson*, 1 Heis., 518; *Ottenheimer* v. *Cook*, 10 Heis., 309.

There can be no doubt but that this money was loaned the corporation by petitioner, and was used in paying debts against it, and there is no error in the decree of the Chancellor in allowing it as a debt against the corporation, and directing its *pro rata* payment, and his decree is affirmed and the cause remanded for further proceedings.

The appellants will pay the costs of the appeal.