## Hughes Mfg. Co. v. Conyers.

*(Knoxville.    September 23, 1896.)*

1. MORTGAGES AND DEEDS OF TRUST.    *Foreclosure decreed upon suit of a junior lienor.*

   A foreclosure sale of mortgaged lands will be decreed at the suit of a junior lienor, without cross bill by the mortgagee, where the latter answers claiming piority but interposing no objection to the sale.   (*Post, pp. 275, 276.*)

   Case cited and approved: Simonton *v.* Porter, 1 Bax., 213.

2. SAME.    *Mortgagee's rights under usurious.*

   Upon foreclosure of a mortgage usurious upon its face, at the suit of a junior lienor, the mortgagee will be first paid his debt, less the usury, out of the proceeds of the sale.   (*Post, pp. 276, 277.*)

3. CHANCERY SALE.    *Right of redemption.*

   Where land has been erroneously sold in bar of the right of redemption, the Court will not, in the absence of any complaint that the property did not sell for full value, order a resale, but will order that the sale stand subject to the right of the owner to redeem.   (*Post, pp. 277, 278.*)

   Case cited and approved: Hodges *v.* Copley, 11 Heis., 332.

---

FROM   HAMILTON.

---

Appeal from Chancery Court of Hamilton County. T. M. McConnell, Ch.

E. Y. CHAPIN for Hughes Mfg. Co.

DODSON & DODSON and THOMAS & ELDER for Defendants.

WILKES, J. Complainants in this cause have a furnisher's lien upon certain real property belonging to defendant, Conyers, and filed a bill against him and others to collect the debt by sale of the property. One Martin, and the National Home Building & Loan Association were made defendants, and it was alleged that Martin was claiming a debt against the property, but in fact had none that was superior to complainants'; and that the building and loan association held debts of about $9,000, evidenced by notes and mortgage, but the justice of same was not conceded, and the rights of the parties were asked to be fixed and a sale of the property had. The cause was referred to the Master, to report the debts. Complainants' debt. was reported as $340.79, and the debt due the association about $10,000, and a debt due the City Savings Bank of about $636.50. Exceptions were filed and overruled and decree entered for sale and the property was sold to the building and loan association for $9,000, and the sale was confirmed to it. The building association was decreed to have priority, and after it the City Savings Bank and complainants.

The defendant, Conyers, appealed and assigned errors. The cause was heard by the Court of Chancery Appeals and the decree of the Chancellor af-

firmed, except that so much of his decree as ordered sale to be made free from the right of redemption was reversed and modified, and defendant was given two years from the date of confirmation in the Court of Chancery Appeals to redeem the property. The defendant, Conyers, has appealed to this Court and assigned errors.

First, that the Court should not have decreed the foreclosure of the mortgages of the National Building & Loan Association, except upon a cross bill filed by that association as defendant, praying for such foreclosure.

The complainants were claiming a furnisher's lien upon the property, while the defendant loan company was claiming prior mortgages on the same property. Under these circumstances, it was entirely proper to have the loan association, as well as all other parties claiming liens or incumbrances on the property, brought before the Court, the rights and priorities of the parties fixed, and the property sold for the satisfaction of the debts. It was not, in the strict sense of the word, a foreclosure of the mortgages, but a sale by the Court, the proceeds to be applied as the priorities of the parties might dictate. The building and loan association was not contesting this right, but only claiming its priority. *Simonton* v. *Porter*, 1 Bax., 213–215.

It is next assigned as error that the Court of Chancery Appeals did not find that the mortgages to the building and loan association were usurious

upon their face, and hence not enforcible, and therefore refuse any relief. It is provided on the face of the mortgage that if the association was compelled to pay any taxes or insurance, it might recover them back with eight per cent. interest, and this is the only provision which, upon the face of the mortgage, would render it usurious. It is sufficient to say that in this case the building and loan association is not a complainant seeking relief upon its mortgage, but a defendant, and even if the provision were usurious, it would not vitiate the deed so as to prevent a recovery for the amount actually due, and it is not claimed that any usury has actually been included in the estimate of the amount due the association.

It is next insisted that the Court erred in refusing to order a resale of the property, but instead confirmed the sale already made, giving the defendant, Conyers, two years from the date of the confirmation in the Court of Chancery Appeals to make such redemption. The sale was made upon a credit of six, twelve, eighteen, and twenty-four months, in bar of the right of redemption.

There is no question or contention made that it did not bring a full and fair price. A portion of the mortgagees waived the right to redeem, but one —the largest one, for $5,000—did not. The prayer of complainants' bill is that the land be sold on a credit, free from the right of redemption.

The Court of Chancery Appeals, following after

the rule laid down in *Hodges* v. *Copley*, 11 Heis., 332, directed the sale to stand, and that defendant have two years from confirmation in that Court in which to redeem. In the absence of any allegation or complaint that the property did not sell for its full value, we can see no error in this action of the Court of Chancery Appeals to the prejudice of appellant, and we therefore affirm the decree of that Court.