GRIFFITH v. SECURITY, ETC., ASSOCIATION.

(*Nashville.*    March 12,   1898.)

1. CHANCERY PLEADING AND PRACTICE.    *Decree of sale unauthorized,*
   *when.*

   Under a mortgagor's bill seeking, *inter alia,* an account of pay-
   ments and ascertainment of balance due, decree may be en-
   tered in favor of the mortgagee for such balance without cross
   bill, but not for foreclosure sale of the land. (*Post, p. 411.*)

   Cases cited and approved: Gilreath v. Gilliland, 95 Tenn., 383;
   Bigley v. Watson, 98 Tenn., 357.

2. *Cross bill.    Essential, when.*

   It is a cardinal rule of equity pleading, subject to few exceptions,
   that a defendant who desires affirmative relief, must file a cross
   bill to obtain it.    (*Post, pp. 412, 413.*)

   Cases cited and approved: Cloud v. Hamilton, 3 Yer., 81: Bussy
   v. Gant, 10 Hum., 238; Gross v. Davis, 87 Tenn., 226; Lewis v.
   Glass, 92 Tenn., 147; Fisher v. Stovall, 85 Tenn., 316; Polk v.
   Mitchell, 85 Tenn., 634; 49 N. J. Eq., 302; 122 Mass., 474; 109
   Ill., 528; 5 Iowa, 317; 10 Wall., 209.

   Cited and distinguished: Hughes Mfg. Co. v. Conyers, 97 Tenn.,
   274.

FROM   DAVIDSON.

Appeal from Chancery Court of Davidson County.
H.  H.  COOK,  Ch.

WHITMAN  &  GAMBLE  for  Griffith.

CHAMBERS  &  ZARECOR  for  Loan  Association.

CALDWELL, J.   Griffith and wife filed these bills to impeach, for invalidity, two deeds of trust executed by them on the wife's realty to the Security Home Building & Loan Association for two loans of money, and to have an account of payments made and balance due.   The defendant, by answer, controverted all impeachments of the deeds of trust, and consented to an account, without more.   In due course of procedure the Chancellor adjudged the deeds of trust valid and unsatisfied, directed an account, confirmed the report of the Master showing the balance due, to the defendant on each loan, and thereupon ordered a sale of the respective parcels of real estate, unless the respective balances so adjudged should be paid within a specified time.   The Court of Chancery Appeals modified the decree of the Chancellor in so far as it ordered a sale, but affirmed it in all other respects.   The defendant has appealed and assigned error against the modification, and asks this Court to restore the order of sale.

The modification was rightly made, upon the ground, and for the reason, that there was no pleading to authorize an order of sale.   The complainants sought no sale in their bills; the defendant sought none in its answers, and filed no cross bill.   Therefore, the order was entirely beyond the scope of the pleadings, and, consequently, unauthorized, and subject to avoidance.   *Gilreath* v. *Gilliland*, 95 Tenn., 383; *Bigley* v. *Watson*, 98 Tenn., 357, and cases cited.

It is a cardinal rule of equity pleading, subject to but few exceptions, that a defendant who desires affirmative relief, must file a cross bill to obtain it. 1 Beach Mod. Eq. Prac., Sec. 426; Story Eq. Pl., 399; 2 Daniell's Chy. Pl. & Prac. (5th Ed.), *1550; *Cloud* v. *Hamilton,* 3 Yer., 81; *Bussy* v. *Gant,* 10 Hum., 238; *Gross* v. *Davis,* 87 Tenn., 226; *Lewis* v. *Glass,* 92 Tenn., 147; *Fine* v. *King,* 33 N. J. Eq., 110; *Aspinwall* v. *Aspinwall,* 49 N. J. Eq., 302; *Andrews* v. *Gilmore,* 122 Mass., 474; *Irwin* v. *Dyke,* 109 Ill., 528; *Armstrong* v. *Pierson,* 5 Iowa, 317; 5 Ency. Pl. & Prac., pp. 632, 634; *Washington Railroad* v. *Bradleys,* 10 Wall., 299. One exception is that the defendant, without a cross bill, may have a recovery for the balance found to be due him upon an account sought by the complainant. 5 Ency. of Pl. & Prac., 635; 1 Beach Mod. Eq. Prac., Sec. 429; *Allen* v. *Allen,* 11 Heis., 387; *Fisher* v. *Stovall,* 85 Tenn., 316; *Polk* v. *Mitchell, Ib.,* 634.

This exception to the general rule is justified by the fact that the relief to the defendant is within the scope of the original bill, and by implication within its prayer. Upon this ground, the adjudication of balances due the defendant in the present cause was entirely allowable, and is not now disturbed. The reason for this particular exception goes no further, however. It does not extend to and authorize the order of sale to satisfy those balances.

The most comprehensive statement of exceptions to the general rule that we have seen is found in 5 Enc. Pl. & Prac., 634 to 637, inclusive, the number there enumerated being six, and embracing the following subjects, viz.: specific performance, accounting, partition, interfering patents, relief to infants, and marshaling assets. The order of sale before us falls within none of these exceptions, and we know of none to authorize it.

The decree for foreclosure sale in *Hughes Mfg. Co.* v. *Conyers*, 97 Tenn., 274, was based upon the bill of a junior lienor, wherein a sale for foreclosure was affirmatively sought, in order that he might enforce his own lien, and receive payment of his debt from the surplus. No cross bill by the mortgagee was necessary to authorize a sale in that case, because he was seeking no affirmative relief himself. It was sufficient for him to assent by an answer to the relief prayed for by the complainant.

Affirmed.