STANWOOD et al. v. DES MOINES SAVINGS BANK et al.

DES MOINES SAVINGS BANK v. STANWOOD et al.

(Circuit Court of Appeals, Eighth Circuit. March 18, 1910.)

Nos. 2,963, 2,964.

1. CORPORATIONS (§ 566*)—INSOLVENCY—PRIORITIES OF CLAIMS—MORTGAGEE AND GENERAL CREDITORS.

Where a bank holding mortgages on property of an insolvent corporation caused them to be foreclosed in the name of an attorney for complainants, who were creditors of the corporation, but without knowledge of such relationship, under an arrangement with him by which, if no one else purchased the property, he might do so and retain it for himself, giving the bank new mortgages for its debt at a reduced rate of interest, which arrangement was carried out, there was nothing in the transaction to charge the bank with fraud which would postpone the lien of its new mortgages to the claims of complainants.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 566.*]

2. CORPORATIONS (§ 566*)—INSOLVENCY—RIGHT OF MORTGAGEE.

A mortgagee of property of an insolvent corporation owes no duty to general creditors of the corporation to enforce payment of its interest

---

from the rents and profits of the property of which it has not taken possession.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 566.*]

3. EQUITY (§ 427*)—DECREE—CONFORMITY TO PLEADINGS.

In a suit by creditors against an insolvent corporation and a mortgagee to enforce their claims against the mortgaged property, the legal title to which was in a trustee, where the bill did not ask a foreclosure of the mortgage, and no cross-bill for foreclosure was filed by the mortgagee, the court had no power to grant such foreclosure as a condition to the granting of relief to the complainants against the property, subject to the rights of the mortgagee.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 427.*]

4. CORPORATIONS (§ 565*)—INSOLVENCY—RIGHTS OF MORTGAGEE.

Where the holder of mortgages on property of an insolvent corporation after a foreclosure and sale took renewal mortgages from the purchaser who represented creditors of the corporation, it had the right as against such creditors to add to the new mortgages the lawful costs and expenses of the foreclosure suit.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 565.*]

Appeal from the Circuit Court of the United States for the Southern District of Iowa.

Suit in equity by Annie W. Stanwood and others against the Des Moines Savings Bank and the Des Moines Loan & Trust Company. From the decree both parties appeal. Modified.

Charles A. Clark (W. C. Marquis, on the brief), for Stanwood and others.

George F. Henry, for Des Moines Savings Bank.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

HOOK, Circuit Judge. This was a suit by Annie W. Stanwood and others, creditors of an insolvent trust company, to obtain a decree that Edward S. Wishard held the legal title to some real property in Des Moines, Iowa, in trust for the payment of their claims, for an accounting between them and defendants Wishard and the Des Moines Savings Bank, a mortgagee, and that the lien of the bank's mortgage be subordinated to their claims. While the suit was pending, Wishard conveyed to a trustee selected by complainants, and they released him from further responsibility. A decree was entered fixing the amount due the bank, declaring its mortgage to be a first lien, and providing for foreclosure and sale of the premises. The complainants appealed from the decree, and the bank prosecuted a cross-appeal.

The facts necessary to an understanding of the case are these: While Wishard was the president of the trust company, the property in controversy was acquired by it and the title taken in his name under an arrangement the details of which are unimportant here. The property was at the time it was so acquired subject to three mortgages given by the former owner. One of the mortgages was held by the bank and the other two by an insurance company. The trust company was afterwards declared insolvent, and its property was placed in the hands

of a receiver. Wishard then became the attorney for the complainants and represented their claims. Whilst that relation subsisted, the bank bought the two mortgages of the insurance company and caused all three of them to be foreclosed in Wishard's name. Wishard became the purchaser at sheriff's sale and finally obtained title free from redemption. He then executed to the bank two notes aggregating $36,-143, and two mortgages on the property to secure them. The amount of the notes was the principal and interest of the old incumbrances with the addition of the costs and attorney's fees in the foreclosure suit. These are the notes and mortgages now involved.

The complainants complain that the lien of the bank was given priority over their claims, that the bank was not charged with certain rents and profits of the property while it was in Wishard's possession, and also because the court decreed a foreclosure and sale. It is not denied the three original mortgages were valid and were paramount liens on the property. It would be difficult to discover any ground for destroying their priority or that of the two mortgages which replaced them. The latter were, with slight exception, for the amount of the former with accrued interest. The result sought by complainants is attempted to be worked out by a charge of fraud against Wishard and the bank. But even if Wishard was guilty, the master to whom the cause was referred reported that he found nothing to support the charge against the bank. The trial court approved the finding. In addition to this, we can discover no foundation whatever for it. The bank official who had charge of the business knew nothing of Wishard's relations to complainants, and the arrangement that the foreclosure be conducted in Wishard's name was for a business reason that had no connection with them. If no one else purchased the property at the sheriff's sale, Wishard was to do so, keep it for himself, and give his notes and mortgages at a lower rate of interest. He did so.

The contention that the bank should be charged with the rents and profits while Wishard was in possession is equally untenable. As ground for this it is said the bank was guilty of laches in permitting its interest to accumulate on its notes and in not requiring the application of the rents and profits. But the bank owed no duty to complainants to be vigilant in urging its rights. Moreover, complainants had not subjected the property to the payment of their claims, had never acquired title, and were not entitled to the rents and profits. It is also said the bank was co-trustee with Wishard, and as such was responsible; but this claim must have its foundation in the fraud of the bank, and there was none.

There should have been no decree for foreclosure. The prayer for it in the original bill was distinctly withdrawn by amendment, and there was nothing in the answers of the bank asking it. Had the bank desired a foreclosure, it should have sought it by a cross-bill. The pleadings being silent, it is to be presumed both parties were willing the mortgages should stand. There is an attempt by the bank to sustain this part of the decree by the power of the trial court to compel the complainants who sought equity to do equity, and therefore to impose the foreclosure as a condition to the relief granted them. But there should be some reason for imposing the condition in the

character or extent of the relief granted, and the complainants got nothing, to the complete equity of which the foreclosure of the bank's mortgages was essential. The rule is that relief in equity not affirmatively sought will not be granted. Griffith v. Loan Ass'n, 100 Tenn. 410, 45 S. W. 670. The qualification of the rule that the court, to do justice, may make conditions in its decree not affirmatively asked, is not to be extended so as to authorize generally all relief which the court might have awarded had the parties sought it.

The bank, on its cross-appeal, complains that the court deducted from the amount of its mortgage notes given by Wishard the sum of $1,033.46. This item represents the costs and attorney's fees in the foreclosure of the three mortgages. As that foreclosure is upheld, the lawful expenses of it should be held to be a just claim against the property. Besides, there is an especial equity in that result. If the complainants redeem from the existing mortgages, they will profit by a substantial reduction of the prior interest rate and thereby in the replacement of the old mortgages by the new ones. The $1,033.46 should be restored to the amount of the bank's notes to draw interest as the remainder of the principal. There is no merit in the complaint of the disallowance of attorney's fees for the foreclosure of the present mortgages and of the rate of interest upon accrued interest. The right to attorney's fees goes with the vacation of the foreclosure. The rate of interest allowed was that prescribed by the notes.

The cause is remanded to the trial court, with direction to modify the decree by excluding therefrom the provisions for foreclosure and sale of the mortgaged property, and by increasing the amount found due the defendant bank by the sum of $1,033.46 and interest thereon from the date of the notes to the date of the decree.

As so modified, the decree is affirmed.