## J. T. BRANNAN et al. v. MRS. DORA DAVIS et al.

Middle Section.    April 2, 1927.

No petition for Certiorari was filed.

1. **Usury.    Usury defined.**
    A contract is usurious when it stipulated for the payment of more than legal rate of interest for the use of money either before or after maturity.

2. **Usury.    It is not necessary to plead usury or raise it under the assignment of errors where contract is usurious on its face.**
    Contracts usurious on their face are non-enforceable and if they appear usurious on the face the appellate court will not enforce them, although usury was neither pleaded nor urged upon the assignments of error.

3. **Usury.    Usurious note is not cured by a law subsequently taking effect.**
    Where party made a note in accordance with a new law that had been passed but had not yet taken effect, held that his note being usurious at the time it was made was not cured by the new law taking effect. The fact that the party possibly thought that the statute referred to was in force can not excuse him, as ignorance of the law can not be presumed as an excuse.

4. **Debt, action of.    One may abandon a usurious note and sue on the debt.**
    In an action to recover on a debt which was evidenced by a usurious note where the action was based on the debt and not on the note, held the law is well settled that, as between the maker and payee, the payee can abandon the illegal written evidence of debt, and recover on the original consideration in a suit for that purpose.

5. **Evidence.    Presumption that a party who is known as a close collector permitted a note to run past maturity does not raise the presumption that it has been paid.**
    In an action to recover a debt where the evidence showed that the holder of the note was a close collector, and the evidence further showed that this note had run past maturity, held this evidence was not sufficient to raise presumption of payment of the note.

6. **Vendor and purchaser.    A vendor's lien retained to secure a usurious note is not enforceable.**
    Where a vendor's lien was retained in the deed to secure a usurious note, held the note being void on account of usury, it follows that the lien can not be enforced for the satisfaction of the note.

7. **Vendor and purchaser.    Vendor has an implied lien for the purchase price.**
    But in a suit for the purchase price of land, the vendor has an implied lien on the land which may be enforced against the original vendee, his heirs and subvendees who take with notice.

8. **Sales.    Bona-fide purchaser.    Donees are not innocent purchasers.**
    In an action to recover the purchase price of land and enforce the implied vendor's lien where the evidence showed that the land had been

given by the original vendee to his wife, **held** that she, taking the land as a gift and without paying a valuable consideration, was not an innocent purchaser and the vendor's lien could be enforced against her.

Appeal from Chancery Court, Marion County; Hon. T. L. Stewart, Chancellor.

Modified and affirmed.

Jeff D. Fults, of Tracy City, for appellants, Mrs. Davis et al.

L. R. Darr, of Jasper, for appellees, Brannan and wife.

CROWNOVER, J. This was a suit to collect a $200 debt, evidenced by a note which retained a vendor's lien on sixty acres of land in Marion county near Monteagle, conveyed on January 21, 1921, by J. T. Brannan and wife to W. L. Davis, now deceased, and to have the lien declared and the land sold. W. L. Davis was mortally wounded in an affray on August 19, 1922, and executed a deed conveying this and another tract of land to his wife, Mrs. Dora Davis and his children. Mrs. Davis qualified as administratrix of W. L. Davis, and all these parties are made defendants in this suit.

The defendants answered and admitted that Brannan and wife had conveyed the tract of land to W. L. Davis for the consideration set out in the deed, but denied that W. L. Davis had executed the note or, if he did that most of it had been paid, but no plea of non est factum was filed.

Several depositions were taken and read to the Chancellor at the hearing. The Chancellor was of the opinion that the debt had not been paid, and rendered a decree against defendant Mrs. Dora Davis, administratrix of W. L. Davis' estate for the amount of the note, interest and $50 attorney's fees and declared the same a lien on said tract of land, but gave the defendants sixty days in which to pay said decree, and, in default, ordered the land to be sold. The defendants excepted and prayed an appeal, which was granted at that time, before a sale of the property was had, and have assigned errors. It is insisted that the court erred in rendering the decree:

1. Because the note in question had been paid in full, or if not paid in full that there was only a small sum with interest remaining unpaid.

2. The court erred in allowing $50 solicitor's fees.

3. The Chancellor erred in not dismissing the bill at the cost of the appellees.

The note was executed on January 21, 1921 and matured in four months. It provided in its face that if it was not paid at

maturity the maker agreed to pay the attorney's fee in the event it was placed into the hands of an attorney for collection, and also provided for eight per cent interest after maturity. A vendor's lien was also retained in the face of the deed to secure the payment of the note.

As stated the note provides for usurious interest, and we think it is unenforceable. The legal rate of interest in Tennessee on January 21, 1921, was six per cent per annum. See Shannon's Code, sec. 3493. The contract was entered into and stipulation made before the conventional rate of interest was changed by statute, as the act was passed and took effect on February 1, 1921. See chapter 28 of the Acts of 1921. This statute was repealed on January 22, 1923. See chapter 5 of the Acts of 1923.

A contract is usurious when it stipulates for the payment of more than legal rate of interest for the use of money either before or after maturity. See Bang v. Windmill Co., 96 Tenn., 361, 34 S. W., 516; Parham v. Pulliam, 5 Cold., 501; Shannon's New Code, sec. 3493, notes 6 to 9. Hence, we are of the opinion that in so far as the note is concerned, it was clearly a contract to pay usurious interest; but the defendants did not plead usury, and have not specifically raised this question in the assignment of errors. However, contracts usurious on their face are nonenforceable in this court. See Shannon's New Code, sec. 3493, notes 13 to 28; 12 Michie's Tenn. Ency. Dig., 227-229, and numerous authorities cited. Complainants must be repelled on grounds of public policy where it appears that they have entered into an illegal contract on its face even though the defendants have neither pleaded usury nor assigned that specific defense as error. See Isler v. Brunson, 6 Humph., 277; Vaughn v. Lee, 1 Tenn. App. Rep., 30; Perkins v. Allenburg, 2 Hig., 637; Reaves Lumber Co. v. Cain-Hurley Lumber Co., 152 Tenn., 339, 279 S. W., 257; 13 C. J., 492, sec. 440. Where a contract is usurious on its face, there is no necessity to raise the question by plea of facts showing the illegality. See Richardson v. Brown, 9 Bax., 245.

Usury appearing on the face of a note makes it voidable and this defect is not cured by a law subsequently taking effect in accordance with which the contract is expressed to have been executed. The fact that the parties probably thought that the statute referred to was in force cannot excuse them, as ignorance of law cannot be presumed as an excuse. See Baker v. Haralson, 1 Shan. Cas., 537.

It follows that no recovery can be had upon the note, but upon a careful reading of the bill it will be seen that the suit is not on the note, but is on "the debt evidenced by the note." The note

is not the debt, but is merely evidence of the debt. Stewart v. Lathrop Mfg. Co., 11 Pick., 503-504, 32 S. W., 464.

The law is well settled, that, as between the maker and payee, the payee can abandon the illegal written evidence of debt, and recover on the original consideration in a suit for that purpose. See Stewart v. Lathrop, 11 Pick., 501; Bang v. Windmill Co., 96 Tenn., 361, 34 S. W., 516.

Now treating this as a suit on the original consideration, are complainants entitled to recover? After a careful examination of the record we think they should, as they prayed for a decree on the debt and also asked for general relief. See Bang v. Windmill Co., supra. The complainant Brannan was allowed to prove, without objection, that none of the debt had been paid, and on cross-examination he testified that he was in the real estate business and had made many trades of different kinds with the deceased W. L. Davis. He also testified that he had kept books, and gave a statement of the payments on different recent transactions inquired about, all of which seemed to be straight and are fairly well shown; whereas, the testimony of the defendants, that of the widow and two sons showed that they had kept no books, and their testimony is rather vague and indefinite. One of the sons testified that his father had paid the $200 note by transferring to Brannan a $100 note against Lee Tucker and Frank Wilson, and had paid the other $100 in the Maybee transaction, but this $100 Tucker and Wilson note was transferred back by W. L. Davis, and this son does not know whether it was collected by W. L. Davis or Brannan, nor is he able to show the payment in the Maybee transaction. In fact, the testimony of the defendants' witnesses shows that they are not familiar with all the transactions or trades had between Brannan and Davis, whereas Brannan's explanation is satisfactory.

It is further insisted that Brannan was a close collector and that Davis was financially able to pay the note at its maturity, that Brannan let it run long past due, and that this is a presumption of payment. It is further insisted that Brannan drafted the deed from W. L. Davis to his wife and children, in which it was stated, in the face of the deed, that this property was unencumbered, "except a small sum of the purchase price on the sixty acres, and the deed of trust on the forty acres to J. T. Brannan;" from all of which it is argued that, at most, the defendants only owed a small part of the $200 note.

The defendants testified that Brannan had purchased this tract of land from one Shetters for $200 and had sold it to W. L. Davis for $228; and it is insisted that all of the note had been paid except the $28, that this is what was meant by the above quotation

set out in the deed, and that if Davis had owed Brannan the whole $200, Brannan would have so stated it in the deed.

Brannan's explanation of this is that after Davis was shot and mortally wounded he was carried to a hotel in Monteagle, and that he, Brannan, and others went to his rescue, as mob violence was threatened, and that they stayed there for two or three days ready to guard him against any anticipated attacks; that Davis asked him to draft the deed, and that he was so excited about the matter that he did well to draft it at all, and that just after he had drafted the deed, he thought of his debt and wrote on the back of the deed "from W. L. Davis to Dora Davis, et al., subject to deed of trust and note against the sixty acres." This is rather an irregular way to express the incumbrance, but the parties accepted the deed, and these notations rather crudely show the situation; hence we think there is nothing in this contention, and the first and third assignments must be overruled.

By the second assignment it is insisted that the court erred in allowing fifty dollars solicitor's fee. This assignment must be sustained as the parties cannot recover on the usurious note, and they are not entitled to recover solicitor's fees in a suit to recover the original consideration.

There was an express vendor's lien retained in the note and also a lien retained on the land in the face of the deed to secure the payment of the note. The note being void, on account of usury, it follows that the lien cannot be enforced for the satisfaction of the note. McFerrin v. White, 6 Cold., 499; 12 Michie's Tenn. Ency. Dig., 231. But in a suit on the original consideration agreed to be paid, the vendor has an implied lien on the land, which may be enforced against the original vendee, his heirs, and his subvendees who take with notice of the implied vendor's lien. See 12 Michie's Tenn. Ency. Dig., 361, 362, 372; Robinson v. Owens, 103 Tenn., 91, 98, 52 S. W., 870; Ellis v. Temple, 4 Cold., 315, 94 Am. Dec., 200; Taylor v. Hunter, 5 Humph., 569; Lincoln v. Purcell, 2 Head, 144. In the instant case, the subvendees Mrs. Davis and her children, the defendants, are not innocent purchasers, as the conveyance was voluntary and without a valuable consideration. They did not and could not successfully plead that they were innocent purchasers; hence, complainants are entitled to have their implied vendor's lien declared and enforced by a sale of the land as provided by law.

It results, that the decree of the Chancellor, as modified, is affirmed. A decree will be entered here in favor of complainants Brannan and wife and against Mrs. Dora Davis, administratrix and surety on her appeal bond, for $200 and interest from May 21, 1921, to the present, together with the cost of the cause, including

two-thirds of the cost of appeal, for all of which execution may issue. One-third of the cost of the appeal is taxed against complainants, and the surety on their prosecution bond, for which execution may issue.

The decree will further provide that a vendor's lien is decreed on the sixty-acre tract of land for the $200, interest, and costs adjudged against Mrs. Dora Davis, administratrix, and if the same is not paid, upon return of an execution, not satisfied, the cause will be remanded to the chancery court of Grundy county for a sale of the land under proper orders of the Chancellor in accordance with this opinion.

DeWitt, J., and Henderson, Special J., concur.