McKinney, J.
delivered the opinion of the court.
This suit was commenced before a justice of the peace, upon a bill single executed by the plaintiffs in error to N. M. Corbin, which purports to have been afterwards *465 assigned to tbe defendants in error by James H. Corbin, agent for said N. M. Corbin.
On tbe trial in tbe Circuit Court, the defendants’ counsel objected to tbe reading of the assignment upon tbe back of said bill single, because not proved, but tbe objection was overruled, and in bis charge to tbe jury, bis Honor, tbe Circuit Judge, stated that “ tbe plaintiff is not required to prove the transfer of tbe note sued on, unless it was denied by a plea sworn to, and aá tbe transfer purports to have been made by an agent, tbe authority of tbe agent need not be shown by proof, unless tbe transfer is denied by plea sworn to.”
This charge is erroneous, and is based upon an entire misconstruction of the act of 1819, chap. 42, sec. 1. That section provides “that no person sued in any of the courts of this State as an endorser of any bond or note, or drawer or endorser, or acceptor of any bill of exchange, or order for the payment of money shall plead any plea directly or indirectly denying such drawing endorsement or acceptance, unless such plea or denial be accompanied with an affidavit of tbe truth thereof, subscribed by such party.” It is obvious that this section applies only to the immediate parties, and means nothing more than that the endorsers of a bond or note, when sued as such, shall not be permitted to deny such endorsement, unless by plea verified by affidavit: neither shall the drawer of a bill of exchange deny his drawing; nor the endorser his endorsement; nor the acceptor his acceptance thereof, unless by plea verified in like manner. But nothing in this or any other statute of this State, forbids the maker of a note or bond, in any suit against him, by an endorsee, or assignee, to deny the endorsement of such note or bond, by plea without affidavit. And by the law merchant, as *466 it has existed in England, for a long period, in a suit against the maker of a note, or tbe drawer or acceptor of a bill of exchange by an endorsee, be was required, without any special plea from the defendant, to prove the transfer of the note or bill; or in other words his interest in or title to sue thereon. ' But by a practice which seems to have obtained in this State from an early period without legislative sanction, but too well established to be now questioned, an endorser in such cases is not required to prove the transfer or endorsement of the note or bill, unless put in issue by the plea of non-assignment, as it is termed. 1 Tenn. Rep. 249; 9 Yer. 423.
As, however, in proceedings before justices of the peace, formal written pleadings are not generally required, the defendants were entitled t,o avail themselves of this ground of defence by oral pleading, upon the trial in the circuit court, and their objection to the reading of the endorsement or assignment upon the note sued on, we regard as equivalent to such plea of non-assignment, and sufficient to put the plaintiff upon proof thereof, and likewise of the authority of the agent to make such assignment. 2 Stark. Ev. 163, 6th ed.
The judgment of the Circuit Court will be reversed and the case remanded for a new trial.