Stephenson v. Landis.

R. P. STEPHENSON v. A. L. LANDIS.

1. PLEADING BEFORE JUSTICE. The defense that a note sued upon before a justice, was made at a date different from that it bears, must be specially pleaded in writing under oath.

2. SAME. *Usury.* The defense that a note, bearing a rate of interest lawful at the date the note purports on its face to have been executed, was not delivered until after the repeal of the law permitting such rate of interest to be charged, must be pleaded on oath in writing, in an action on the note before a justice.

---

FROM BEDFORD.

---

Appeal in error from the Circuit Court of Bedford county. ROBERT CANTRELL, J.

COOPER & FRIERSON for Stephenson.

A. L. LANDIS, JR., for Landis.

COOKE, J., delivered the opinion of the court.

This action was instituted before a justice of the peace upon a promissory note for loaned money, which is in the words and figures following, to-wit:

$600.00.

SHELBYVILLE, TENNESSEE, March 19, 1877.

Twelve months after date we promise to pay R. P. Stephenson, or order, six hundred dollars, value received, payable at National Bank of Shelbyville, Tennessee, bearing interest at ten per cent. per annum from date until paid.                    WILLIAM YOUNG,
                                        A. L. LANDIS, *Security.*
                                        W. H. YOUNG. "

The suit was alone against Landis and W. H. Young, the sureties, William Young, the principal,

having died.    There was a judgment rendered by the
justice against both of the defendants for the principal
of the note and interest at the rate of ten per cent.,
according to the face of the note, from which Landis
appealed to the circuit court, where the cause was
tried by the judge without the intervention of a jury.
There were no pleas filed in the cause.

On the trial, the plaintiff having read the note as
evidence, the defendant offered himself as a witness by
whom he proposed to prove, among other things, that
the note sued on, although it bore date as above
shown, upon the 19th of March, 1877, was not signed
by him until the first Monday in April, 1877, and
was therefore usurious, the law permitting parties to
contract for a greater rate of interest than six per
cent. having been repealed on the 20th of March,
1877.    This testimony was objected to by the plaintiff
as being illegal and incompetent, but the objection was
overruled by the court and the testimony admitted.

The direct object and effect of the testimony was
to prove the note was executed by the defendant at a
different and subsequent date to that mentioned in the
face of the note, and that it was, in legal effect, a
different contract from that which appeared upon the
face of the instrument, and was usurious because ex-
ecuted by the defendant after the repeal of the law
permitting parties to contract for a conventional rate
of interest not exceeding ten per cent., although bear-
ing a legal rate of interest according to the face of
the note itself.    The trial judge found, as a fact from
the evidence, that the note, although signed by the

principal before the day it bears date, was signed by the defendant and delivered, and the money loaned upon it after the repeal of said conventional interest law, and was therefore usurious,, and held that the plaintiff was not entitled to recover any thing upon the note, and dismissed his suit and taxed him with the costs. We think his action in admitting this testimony over the objections of the plaintiff, as well as his judgment, was erroneous.

By Code (T. & S.) section 1950, "a defendant sued for money may avoid the excess over legal interest by a plea setting forth the *amount* of the usury." And by section 1951, "if the defendant be the original debtor, his *surety* or accommodation endorser, he shall verify the plea by an affidavit that it is true." By section 1952, "if the plaintiff be the original creditor, he shall deny the usury or state the amount of usury in his replication, which he shall verify by an affidavit of its truth." See new Code, sections 2707, 2708 and 2709. These sections have been carried into the Code from the act of 1835. Pleas which do not specify the *amount* of usury, and are not verified as required by these sections of the Code, are insufficient to raise an issue of usury: 10 Heis., 618. See also Meigs' R., 80. Although pleadings before justices of the peace are *ore tenus*, yet such pleas as are required to be under oath must be in writing: 7 Cold., 295; 3 Lea, 69; 9 Yer., 7. Again, by section 4525 of the new Code, "every written contract, instrument or signature purporting to be executed by the party sought to be charged, his partner, agent or attorney in fact, and

Stephenson v. Landis.

constituting the foundation of the action, is conclusive evidence against such party, unless the execution thereof is denied under oath": Old Code, sec. 3777. And by section 3619 (old Code, section 2909), "all pleas which deny the execution or assignment by the defendant, his agent, attorney, or partner of any instrument in writing, the foundation of the suit, whether produced or alleged to be lost or destroyed, and all pleas since the last continuance, shall be sworn to." "This denial may be made by a general or special plea of *non est factum*. A special plea of *non est factum* admits the actual execution of the instrument, but limits the denial to some special matter, or rather it is an averment of some fact which defeats the operation of the paper as to the defendant": 10 Heis., 38; 5 Sneed, 179; 3 Sneed, 49; 1 Hum., 28; Meigs' Dig., 2175.

The effect and purpose of the testimony offered was to change the character of the note sued upon, from a legal instrument upon its face, to an illegal instrument, and to deny the defendant's liability upon it, as well as to set up the defense of usury to the note, neither of which can be done, as we have seen, without a plea under oath raising these issues. The testimony offered was therefore inadmissible, under the state of the pleadings, and should have been rejected.

This is not in conflict with the case of *Thompson v. Kellogg*, 2 Head, 440. In that case the note sued upon appeared upon its face to have been executed in St. Louis, Missouri, and which was declared upon as having been executed in St. Louis. A plea that the

note sued upon was not made in St. Louis, Missouri, but in Paris, Tennessee, was, upon motion, stricken out by the circuit court, and this was held to be erroneous, because the plea was sufficient. This note stipulated upon its face for ten per cent. interest if not paid at maturity, which was lawful if the note was executed in Missouri, but unlawful if executed in Tennessee. The plea stricken out was sufficient in form as a special plea of *non est factum.* There is nothing stated as to its verification, but as it was held to be sufficient, the presumption is that it was verified as required by law.

In the case of *Richardson* v. *Brown,* 9 Baxt., 242, there was a special plea of the same character, upon which replication and issue were taken; no question was made as to its sufficiency, nor does it appear whether it was verified as a special plea of *non est factum* or not. It was sufficient in form as such, and no question was made upon it. But in the case of *Thompson* v. *Kellogg,* above referred to, it was said: "If the note was made in Missouri it could be enforced here as well, but if in Tennessee it is illegal *on its face,* and the plaintiff would be repelled from our courts," and upon this *dictum* the circuit judge based his action in dismissing the plaintiff's suit in this case. Such is not our understanding of the law, if by the opinion in that case it is meant, that if the proof adduced in support of the plea should show that the note was executed in Tennessee and not in Missouri, as appeared by the face of it, the contract would be illegal *on its face,* and the plaintiff would be repelled.

The law is well settled in this State that if the usury does not appear on the face of the contract, it is valid to the extent of the money loaned and lawful interest, and voidable only as to the usurious excess, and to this extent the courts enforce the contract: *McFerrin* v. *White*, 6 Cold., 499; *Parham* v. *Pulliam*, 5 Cold., 497; *Boyers* v. *Boddee*, 2 Hum., 666.

The note in question bearing date the 19th of March, 1877, when, it was lawful to contract for interest not exceeding ten per cent. was not illegal or usurious upon its face, and was not shown by the plaintiff who sued upon it to be so, and the defendant who signed it as security, if in fact he was not estopped by that fact from showing that he signed the note upon a different date from that contained in the face of the instrument itself, could only do so by proof *aliunde* under a proper state of pleadings, and hence would have come directly within the rule of law above stated. But it is unnecessary to discuss this proposition, as under the state of pleadings in this case—or rather for the want of proper pleadings—the evidence offered by the defendant was inadmissible, and should have been excluded.

The Referees have reported that the judgment of the circuit court should be affirmed. The exceptions to their report are sustained and the report set aside. The judgment of the circuit court will be reversed, and judgment rendered here in favor of the plaintiff for the amount of the note with interest at ten per cent., according to stipulation upon its face.