WHITE *et al. v.* KAMINSKY *et al.*

(*Jackson,* April Term, 1953.)

Opinion filed February 11, 1954.

W. H. FISHER, of Memphis, for complainants.

VANCE J. ALEXANDER, JR. (CANADA, RUSSELL, TURNER & ALEXANDER, of Memphis, of counsel), for defendants.

Mr. Justice Prewitt delivered the opinion of the Court.

The Chancellor held that the foreclosure was regular and valid. This decree was reversed by the Court of Appeals, the latter court holding that usury appeared upon the face of the note secured by the trust deed foreclosed. It appears that the question of usury appearing on the face of the note was not made before the Chancellor but was made for the first time before the Court of Appeals. So, the only question presented on this hearing is whether or not there was a patent ambiguity or a latent ambiguity.

It is conceded that the foreclosure was regular and that proper advertisement was made and that the price it sold for was not inadequate.

The facts are that complainants Otto White and wife purchased a business building on Beale Street in 1946 for $7200, paying $1,000 cash and the balance on terms. In 1950, being in need of $700, they obtained this amount from Kaminsky by giving their note for $1025, payable in twenty-two monthly installments of $50 on principal and interest. It seems that one Lewis Fogelman purchased this $1025 note from Kaminsky for $775. Fogelman is not a defendant but the Chancellor entered judgment against Kaminsky for the $250.

In the summer of 1951, the Whites fell behind in the monthly payments for five months and failed to pay

certain taxes and interest, resulting in the foreclosure and sale on October 15, 1951 to the Coopers for $1050, which was the highest of four bids made, and a conveyance to them of the equity subject to a first mortgage balance of $4600. There is evidence of the value of the whole property at the time of this sale ranging from the amount to be estimated from the price paid and assumed by the Coopers of about $6,000 up to $12,000. There appears no question but that the Coopers acted in entire good faith in acquiring the property.

It is insisted that the note bears no date of execution and calls for interest from May 12, 1950, whereas the trust deed and all of the evidence shows the transaction occurred on July 12, 1950, hence it is said usury appears on the face of the note.

The note provided as follows:

"For value received, we promise to pay to the order of bearer the principal sum of one thousand twenty-five and no/100 ($1,025.00) dollars, together with interest thereon at the rate of 6 per cent per annum from May 12, 1950 until maturity, each unpaid installment of principal and interest to bear interest at the rate of six per cent per annum after maturity.

"Said principal and interest are payable in installments in the following manner, to-wit: Fifty and no/100 ($50.00) dollars on the 12 day of August, 1950 and a like amount on the 12 day of each and every month thereafter to and including May 12, 1952, and on June 12, 1952 the balance of said principal sum and interest thereon, which said monthly payments shall be applied monthly to the payment of interest on the balance of the unpaid principal at the rate of 6 per cent per annum and any amount remaining after the payment of said interest shall be ap-

plied in reduction of said unpaid part of the principal of this note.''

The description of the note in the trust deed is as follows:

''But this is a Trust Deed, and is made for the following uses and purposes, and none other; that is to say: The said parties of the first part are justly indebted to Bearer or the holder of the notes hereinafter mentioned, in the sum of One Thousand Twenty Five and no/100 ($1,-025.00) dollars, evidenced by One promissory note of even date herewith, in the said principal sum of One Thousand Twenty Five and no/100 ($1,025.00) with interest thereon from the date hereof at the rate of six per cent (6%) per annum, payable to the order of Bearer; said principal sum and interest is payable in twenty-two (22) monthly installments, as follows, namely:—Beginning on the 12th day of August, 1950 and on the 12th day of each month thereafter, in the sum of Fifty and no/100 ($50.00); and the balance of said principal sum shall be due and payable on the 12th day of June, 1952. The aforesaid monthly payments of $50.00 each are to be applied first to the interest at the rate of six per cent (6%) per annum on the principal sum of $1,025.00, or so much as shall, from time to time remain unpaid, and the balance of each monthly installment shall be applied on account of principal. Each installment of principal and/or each installment of interest of said note bears interest after the due date at the rate of six per cent (6%) per annum.''

It is apparent that the date of May 12, 1950 in the note is a clerical error, whereby the draftsman had in mind May 12, 1952 when the twenty-second and last monthly payment of $50.00 was due.

It is further insisted that the note and trust deed call for a payment of $50.00 each month, beginning August 12, 1950 and ending May 12, 1952 and the note calls for balance of principal and interest on June 12, 1952, while the trust deed calls for the balance of principal on that date.

In brief, the maker was to pay at least a total of $1100 in twenty-two months, whereas it is shown by a table, Exhibit 1 to White's testimony, that the total interest legally collectible for twenty-two months was $59.15 plus the principal of $1,025, which would be $1,084.15, or $15.85 less than the $1100 to be paid.

The Whites insist this usury appears in the face of the note and mortgage, while the Coopers, who bought the property, insist that there is an ambiguity consisting of a promise in one part to pay interest at the rate of six per cent and in another to pay a total sum of more than principal and legal interest, which may be removed by parol evidence showing there was no intent to exact usury.

 If there is an ambiguity on the face of this note, it is a patent ambiguity and parol evidence is not admissible to remove it; such evidence is admissible only where the ambiguity is latent. *Teague* v. *Sowder,* 121 Tenn. 132, 114 S. W. 484; *Moseley* v. *Goodman,* 138 Tenn. 1, 195 S. W. 590.

The defendants contend that the calculation was a clerical error which could easily be explained either by the terms of the promissory note itself or by the terms of the description in the trust deed, or by the extraneous circumstances surrounding the transaction, or by the intention of the parties.

Under the terms of the note and trust deed the Coopers insist there was no ambiguity on the face of the instrument since the direct, specific paying clause of the note

promised to pay to the order of the bearer the principal sum of $1,025, together with interest thereon at the rate of six per cent per annum; also that in its clause specifying the method in which the above amount was to be paid, the note specified $50 on the 12th day of August, 1950 and a like amount on the 12th day of each and every month thereafter, including May 12, 1952 and the balance of principal sum and interest on June 12, 1952.

We are of the opinion that this is a latent ambiguity and does not render the note void for usury.

In 55 Am. Jur., Usury, Section 35, p. 350, and cases cited thereunder, this language appears:

"* * * it is generally conceded that the exaction of more than legal interest through an honest mistake of fact, as, for example, because of a mistake in computation, or a scrivener's mistake in drawing an instrument, is not usurious, * * *".

In the present case, the usury does not appear upon the face of the instrument but the principal sum secured bears the legal rate of interest at six per cent and therefore this is not a patent ambiguity. See *Arlington Hotel Co.* v. *Ewing,* 124 Tenn. 536, 138 S. W. 954, 38 L. R. A., N. S., 842; *Stone's River Nat. Bank* v. *Walter,* 104 Tenn. 11, 55 S. W. 301.

The rule is stated that where the usury appears upon the face of the instrument, the obligation is unenforceable but where the excessive interest does not appear upon the face of the instrument, this excess is to be deducted and the principal sum advanced enforced.

This being the case, we are of the opinion that the decree of the Court of Appeals is erroneous and it is reversed and the cause remanded to the Chancery Court of Shelby County to be further proceeded with consistent with this opinion.