Bettie Rush, Plaintiff-in-Error,

*v.*

Chattanooga Du Pont Employees' Credit Union,
Defendant-in-Error.

358 S.W.2d 333.

(*Knoxville,* September Term, 1961.)

(May Session, 1962.)

Opinion filed June 5, 1962.

ROBERT L. MCMURRAY, NOONE, MOSELEY & NOONE. Chattanooga, for plaintiff in error.

ATCHLEY & ATCHLEY, Chattanooga, for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the Court.

The Trial Court entered a judgment for the plaintiff in this case. The Court of Appeals reversed and remanded the case for further proof. We have granted certiorari.

The facts are that Mary R. Leatherwood, as principal, signed a promissory note payable to Chattanooga Du Pont Employees' Credit Union, or order, in the amount of $448.00 "with interest on unpaid balance at the rate of one per cent per month, payable in equal installments of Five and no/100 dollars; the first payment to be made on 7-15-56 and a like amount every wk thereafter until the full amount has been paid".

Bettie Rush and F. H. Abernathy signed as co-makers of this note. The record does not disclose the reason for the failure to join F. H. Abernathy as a party defendant, but this does not affect in any way the decision in this case.

Bettie Rush filed a sworn plea of usury saying:— "The note sued upon is void for usury appearing on its face, as the note calls for interest at the rate of one per cent (1%) per month on the unpaid balance."

Fred Wick, the manager of the Chattanooga Du Pont Employees' Credit Union, was the only witness in the case. He testified that there remained a balance due and

owing on said note in the amount of $394.03. The note appears in the record as an exhibit to his testimony.

It was agreed between counsel for the parties that in the event the Court found for the plaintiff there would be added to the judgment the amount of $98.51 as attorneys' fees.

The testimony of Mr. Wick, as aforesaid, and the stipulation constituted all of the evidence introduced for consideration by the Trial Court.

The defendant, Rush, moved to dismiss the case on the ground that the note showed on its face that it was usurious. The Court took the matter under advisement and at a later date rendered judgment in favor of the plaintiff for $492.54.

■ The Trial Court apparently based its opinion upon the ground that the plaintiff, defendant-in-error here, was a duly organized Credit Union under Section 45-1801 et seq., T.C.A., and as such was authorized to lend its money to its members at the rate specified in Section 45-1820, viz:

"A credit union may lend to its members at a rate of interest not in excess of the legal rate, and the total of interest and all other charges for a loan shall not exceed one per cent (1%) per month on the unpaid balance, or may invest the funds accumulated as provided."

As can be seen readily from said section the "total of interest and all *other charges* for a loan shall not exceed one per cent (1%) per month on the unpaid balance". (Emphases supplied.)

The note which is the basis of this suit makes no reference to *other charges* but merely says that said weekly payments shall be made "with interest on unpaid balance at the rate of one per cent per month". Therefore, the note is usurious on its face and unenforceable. *White v. Kaminsky,* 196 Tenn. 180, 264 S.W.2d 813.

Interest is defined by our Statute (47-1603 T.C.A.) as "the compensation which may be demanded by the lender from the borrower, or the creditor from the debtor, for the use of money".

It is provided in Section 47-1604 T.C.A. that:

"The amount of said compensation shall be at the rate of six dollars ($6.00) for the use of one hundred dollars ($100) for one (1) year; and every excess over that rate is usury."

Determination of usury depends on what the lender is to receive, not what the borrower is to pay. *Silver Homes, Inc. et al. v. Marx & Bensdorf, Inc.,* 206 Tenn. 361, 333 S.W.2d 810; *Jenkins v. Dugger,* 6 Cir., 96 F. 2d 727, 119 A.L.R. 1484.

There can be no doubt that the note sued upon provides upon its face for the collection of interest beyond that allowed by Section 47-1604 T.C.A.. supra, and, is, therefore, usurious.

In the very able opinion rendered by the Court of Appeals it was stated:

"In *Miller v. State,* 195 Tenn. 181 [258 S.W.2d 751], the defendant was charged with removing mortgaged property from the State without the consent of the credit union, holder of the note. One ground of de-

fense was that the note provided for interest at the rate of 1% per month and that it was, therefore, void and of no effect. In that case, however, an officer of the credit union testified that the charge of 1% per month included both the charges for making the loan and interest. With that proof in the record, it was held that the note was not usurious. It also appeared in that case that the borrower was a member of the credit union. In this case, as above shown, there was no proof that the 1% charged was anything other than interest; nor was there any proof that the borrower was a member of the credit union.''

We have made a careful examination of the technical record and the bill of exceptions in the Miller case and we find that the note being dealt with therein was one given to a federal credit union which was organized under the Statutes of the United States, and not under 45-1801 et seq., T.C.A. The mortgage given to secure the payment of said note in the Miller case was not registered and since there was no registration of the chattel mortgage prior to the removal of the personal property from the State of Tennessee, Miller committed no offense punishable under Section 39-1938 T.C.A., which provides that the maker of a registered mortgage or deed of trust shall not remove the personal property described therein from the State without the written consent of the holder of the indebtedness secured thereby.

The proof in the Miller case showed a lack of registration of the chattel mortgage prior to the time that Miller left Tennessee. It was for this reason that the Court reversed this case, and in so doing the Court said at page 190, 258 S.W.2d at page 755:

"The mortgage in this case was not registered at the time the car was taken from the State. This being true there is no violation of the Statute and therefore the conviction cannot stand."

The question of registration of said chattel mortgage was, therefore, the point at issue in the Miller case and and statements made by the Court in regard to other matters in the case were unnecessary and, therefore, obiter dictum.

■ Every decision must be read with special reference to the questions involved and necessary to be decided, and language used not decisive of the case or decided therein is not binding as a precedent. *Brush v. Commissioner of Internal Revenue,* 300 U.S. 352, 57 S.Ct. 495, 81 L.Ed. 691, 108 A.L.R. 1428; *Bradley v. Welch,* 200 Iowa 44, 204 N.W. 235, 40 A.L.R. 603; 14 American Jurisprudence, Section 83, Courts, page 295, 296.

In the opinion in the case of *Shousha v. Matthews Drivurself Service, Inc. et al.,* Hamilton Law, 210 Tenn. 384, 358 S.W.2d 471, released by the Court contemporaneously with this opinion, there is a full discussion on this subject to which reference is here made. However, in that case we did refer with approval to a statement made by the Tenn. Court of Appeals in *Aladdin Industries, Inc. v. Associated Transport, Inc., et al.,* 45 Tenn.App. 329, 352, 323 S.W.2d 222, as follows:

"It is familiar law that a decision is authority for the point or points decided, and nothing more, and that general expressions in an opinion are to be taken in connection with the case in which they were used, and when they go beyond that, they are not authority for another case."

The Court of Appeals in remanding this case based its opinion in large measure upon the dictum in *Miller v. State,* supra.

According to the bill of exceptions there was no objection made in the Miller case to the introduction of evidence to explain that the interest on unpaid balance of 1% per month included other charges. In the present case the defendant, the co-maker of the note, has filed a sworn plea of usury.

■ The Court of Appeals felt that this was a proper case for the application of Section 27-329 T.C.A. which authorizes a remand for a new trial where complete justice cannot be done by reason of some oversight not due to culpable negligence. Certainly there has been no culpable negligence in this case, but to permit the introduction of parol evidence to explain that the word "interest" means "interest and all other charges" would violate the general rule against the introduction of parol evidence to explain, change or vary the terms and conditions of a written instrument.

In 32 C.J.S. Evidence sec. 895, page 813, it is said:

"Parol evidence is not admissible to show that a bill or note was not to bear interest, or, conversely, that a noninterest-bearing instrument was to bear interest; *nor may it be shown that interest was to be paid at a rate other than that expressed in the instrument,* or that interest apparently payable at maturity was to be paid annually." (Emphases supplies.)

■ The terms of a note cannot be varied by oral proof, and no legal conclusion can be rested upon statements of a bill which would vary provisions of a note. *Todd v. Third National Bank,* 172 Tenn. 586, 113 S.W.2d 740.

The case of *Litterer v. Wright,* 151 Tenn. 210, 268 S.W. 624; *McGannon v. Farrell,* 141 Tenn. 631, 644, 214 S.W. 432, and other cases have adhered strictly to the rule that parol contemporaneous evidence is not admissible to vary, alter or contradict the terms of a valid written instrument.

■ For the reasons indicated, this case must fail because of the illegality of the note sued upon. However, the law is equally as well settled that, as between the maker and payee, the payee can abandon the illegal written evidence of debt and recover from the maker on the original consideration in a suit for that purpose. *Stewart v. Lathrop Mfg. Co.,* 95 Tenn. 497, 501, 32 S.W. 464, and other cases cited therein.

To the same effect is the more recent case of *Brannan v. Davis,* 5 Tenn.App. 72, 74.

For the reasons stated, the opinion of the Court of Appeals in reversing and remanding this case for further proof is reversed, and the case is dismissed at the cost of the defendant-in-error.

BURNETT, JUSTICE (dissenting).

The majority has written herein an excellent well reasoned opinion down through the bottom of page 351 of the opinion wherein 32 C.J.S. is quoted from. I cannot agree with the conclusion thereafter reached for the following reasons.

The quotation in 32 C.J.S. is an accurate quotation from that work. The bold type though heading the section from which this is quoted states that this is a general rule, "which is subject to limitations and exceptions, * * *." I think that an exception well recognized in the

law applies here. The exception of which I speak is that it is universally acknowledged that it is admissible to introduce parol evidence respecting the consideration. See *Sneed v. Hooper,* 3 Tenn. 200, 5 Am.Dec. 691 and *Snoddy v. American Nat'l Bank,* 88 Tenn 573, 13 S.W. 127, 7 L.R.A. 705, 17 Am.St.Rep. 918. This exception is well stated in 10 R.C.L., page 1042, as follows:

> "In reference to all instruments acknowledging a receipt of a consideration, it is now well settled that it is competent by parol to show that no consideration was in fact paid or received, or that the consideration was greater or less than or different from the one expressed. This may be done for every purpose except to impeach or destroy the instrument."

There would be no contradiction of the terms of the note here except by possibility in the destination of the consideration named, and as to this we have already indicated above that the door was open to modifying proofs. The instrument in question shows on its face that it was payable to a credit union. The Legislature of this State long ago approved such organizations, as is shown under Chapter 18, T.C.A., headed "Credit Unions", wherein under sec. 45-1820, T.C.A., it is provided that loans to members are approved wherein they pay at the rate of one (1%) per cent per month, which covers interest and all other charges. This same section provides that interest shall not be in excess of the legal rate as is stated in the majority opinion. When we take a note that is payable to a credit union that says that it bears one (1%) per cent interest, as this note did, we cannot presume that the credit union violated the law in charging an excessive legal rate, but when it isn't shown

on the face of the note that this one (1%) per cent interest is for these charges then the note is left subject to proof of whether or not the charges made were legal.

Of course, it is presumed, and there is a valid legal presumption, that when it appears on the face of the instrument that the interest charged is usurious this raises a presumption to that effect casting the burden on the lender to prove that the agreement is not usurious. *Cohen v. Beaudry, City Ct.*, 100 N.Y.S.2d 519. In *Blue v. First Nat'l Bank of Elba*, 200 Ala. 129, 75 So. 577, that court held that evidence may be introduced so as to cast the burden on the lender to introduce explanatory evidence.

In 82 A.L.R. 1199, the annotator of the case there under annotation, makes this statement, which is certainly the law of this State. The statement is: "* * * It is a general rule that, for the purpose of showing usury in a written contract, parol or extrinsic evidence is admissible, the parol-evidence rule not being applicable to such a situation. (As pointed out in some of the cases, and as subsequently shown herein, such evidence is admissible notwithstanding it may directly contradict the terms of the writing.)" Many authorities are cited there and in a subsequent annotation on the subject.

In 91 C.J.S. Usury sec. 115, page 701, the author of this work says:

"Questions as to the admissibility of the evidence in actions involving usury are governed by general rules of evidence, and, broadly speaking, any competent, material, and relevant evidence tending to show the true intent of the parties and the real nature and terms of the contract is admissible."

In the text following this last quotation statements are made and cases cited wherein parol evidence has been admitted to show that a written instrument valid on its face is in fact usurious and likewise cases are cited wherein parol evidence is admitted when the contract is usurious on its face.

55 Am.Jur., under the title "Usury", sec. 167, page 440, is to the same effect as what I have said above.

Thus it is that I feel confident that when a note appears to be made payable to a credit union and the interest shown in this note is that allowed by law then such an instrument would be subject to parol evidence to show the actual consideration and the intent of the parties in making the instrument. To rule otherwise would be in my judgment inequitable and unconscionable because apparently there is no question but that this employee secured this money and because the note did not state in specific terms that this one (1%) per cent was made up of legal charges he then voided the note. I would affirm the Court of Appeals in remanding the case for proof to determine the real merits of the situation.

It is for reasons above that I respectfully dissent from the conclusion reached in the majority opinion.