R. B. BIRDWHISTELL et al., Appellants, v. Y-12 EMPLOYEES FEDERAL CREDIT UNION, Appellee. —422 S.W.(2d) 896.

Eastern Section. October 6, 1967.

Certiorari Denied by Supreme Court January 15, 1968.

James H. Jarvis and Meridith C. Bond, Knoxville, for appellants.

E. Riley Anderson, of Joyce, Anderson & Wood, Oak Ridge, for appellee.

TODD, J. This case originated in the Trial Justice Court of Anderson County where the plaintiff, Y-12 Employees Federal Credit Union, sued defendants, J. C.

Kendrick, R. B. Birdwhistell and C. T. Selvidge, for balance due upon a promissory note, with interest and attorney's fees. The Trial Justice awarded plaintiff judgment against all three defendants.

Appeal was taken to the Circuit Court of Anderson County where the case was tried de novo without a jury, resulting in a judgment in favor of plaintiff and against all three defendants. J. C. Kendrick did not appeal. R. B. Birdwhistell and C. T. Selvidge have appealed to this Court and assigned errors.

Defendants' first assignment of error is:

The Trial Court erred as a matter of law in finding for the plaintiff and against the defendants as there was no evidence that the note sued on was in fact signed or executed by the defendants.

The grounds of this assignment are that: (1) under the pleadings the burden was upon the plaintiff to prove due execution of the note; and (2) the testimony of plaintiff's only witness on this subject having been correctly excluded by the court, there was no evidence of execution.

The defendants insist that by their informal pleadings an issue was raised regarding execution of the note. The plaintiff insists that no such issue was raised because no written sworn plea of non est factum was filed.

Prior to trial in Circuit Court, the defendants filed separate, written, sworn, pleas alleging usury. At the beginning of the trial, counsel for defendants orally pray oyer of the note, which was subsequently produced.

There is no record of any other defensive plea, oral or written, until defendants objected to testimony

identifying their signatures, after which the following exchange occurred:

MR. JARVIS: I think, your Honor, they are burdened with the duty of showing that this note was properly executed by the Defendants.

The Court: Isn't that a question you would have to raise by non est factum.

MR. JARVIS: If your Honor, please, this being a case appealed from the General Sessions Court, the only pleading that we felt we should file, as required by statute, was the plea of usury, which must be sworn to. Other than that, we just rely on our oral plea of not guilty.

MR. PRYOR: It has to be sworn to.

THE COURT: *A plea of not guilty doesn't embrace pleas of non est facto* [sic], *whether sworn to or not.*

MR. JARVIS: We don't owe it. We state that.

THE COURT: Valid signature or invalid signature, you don't owe the money?

MR. JARVIS: That is right.

THE COURT: Sustain the objection. It is properly and well taken. But it still does not change the matter as it now stands. As I understand the law, a promise is a contract, and this is a contract reduced to writing. The statute presumes consideration existed for it having been reduced to writing and properly executed, *in the absence of pleas of non est facto* [sic] *in the* Trial Justice Court. Non est factum when plea entered in a court of record, *must be reduced to writing and must be plead special.* This I know. I think your motion,

insofar as it goes, is well taken. * * * (Emphasis supplied).

At the conclusion of plaintiff's evidence, the following occurred:

MR. JARVIS: At this time, the Defendant moves the Court to dismiss Plaintiff's lawsuit on the grounds that: No. 1. there is no evidence here showing that these Defendants actually signed these notes, even though their names do appear; and No. 2. that these notes— that this note is, in fact, usurious upon its face, * * *.

THE COURT: May I interrupt you, and say to you now, that I don't think the first part of the motion is well taken. Address yourself to the second part. I think this is the one that gets to the heart. I don't mean to cut your argument off, but to save time. I don't think it is well taken *under the state of the pleadings.* (Emphasis supplied.)

Defendants insist that a written plea of non est factum was unnecessary because the case originated in Justice Court where pleading is informal, and, for the most part, oral. Quoting from defendants' brief:

It is the defendants' position that the only type of pleading required in such a case is an oral one or statement given to the Court and to opposing counsel setting out the theories upon which the defense expects to defeat recovery.

In the first place, we are hard put to glean from the foregoing pleas, and verbalizations in open court any "statement * * * setting out the theory" of non-execution of the instrument sued upon. The trial court informed

.counsel repeatedly that the plea of non est factum was not properly before the court for consideration.

■ Granting, however, that the court and opposing counsel were aware of an issue of execution, we are of the opinion that T.C.A. sec. 20-924 was and is applicable to the present case; that is, that the defense of non-execution may be presented only by written, sworn plea. It is significant, though not conclusive, that defendants felt bound to file a sworn plea of usury as required by T.C.A. sec. 20-919(7), but did not feel obligated to comply with T.C.A. sec. 20-924 in regard to plea of non-execution.

Defendants rely upon a number of decisions to the effect that a plea of non-assignment need not be verified by oath. These decisions rest upon the reasonable distinction that assignment is not the act of the maker of the instrument, and does not create liability on his part. Assignment merely transfers the ownership of the instrument and determines to whom the maker owes money, not whether he owes it.

As evidence of the reasonableness of this distinction, a number of cases hold that, where suit is brought against the endorser to enforce the liability incurred by him when he transferred ownership of the instrument by endorsement or assignment, then the statute applies and plea denying the execution of the assignment or endorsement must be verified. Smith v. Wallace, 12 Tenn. 572 (1833); Knott v. Planters' Bank, 21 Tenn. 492 (1841); Richardson v. Cato, 28 Tenn. 464 (1848); Stone v. Bond, 49 Tenn. 425 (1870); Wood v. Neely, 66 Tenn. 586 (1874).

Defendants rely upon the case of Phillips v. Tidwell, 26 Tenn.App. 543, 174 S.W.2d 472 (1942). In this case the defendant filed a written answer denying that he had

signed or authorized the signing of the note in question and verified his answer by oath "to the best of his information, knowledge and belief." The Court held that the wording of the answer and of the oath were inadequate for a plea of non est factum, but that:

> * * * the case was tried upon the assumption that the issue was properly made. Without objection, evidence pro and con was heard upon the question, none of which would have been material in the absence of a plea of non est factum; for, by virtue of Code, section 9726, the note purporting to have been signed by the defendant would have been conclusive. 26 Tenn.App. at 551, 174 S.W.2d at 476.

The pleading and trial of the present case are so clearly distinguishable from those of the *Phillips* case that its result cannot control the present case.

In the case of Stephenson v. Landis, 82 Tenn. 433 (1884), the plea was of usury arising from an alleged incorrect dating of the note. The Court held:

> Although pleadings before justices of the peace are *ore tenus,* yet such pleas as are required to be under oath must be in writing: (citing cases), * * *. 82 Tenn. at 435.

The effect and purpose of the testimony offered was to change the character of the note sued upon, from a legal instrument upon its face, to an illegal instrument, and to deny the defendant's liability upon it, as well as to set up the defense of usury to the note, neither of which can be done, as we have seen, without a plea under oath raising these issues. The testimony offered was therefore inadmissible, under the state of the

pleadings, and should have been rejected. 82 Tenn. at 436.

The holding of Stephenson v. Landis, supra, has been reiterated in respect to usury pleas in Williams v. Boyd & Fulmer, 2 Tenn.App. 111 (1926).

In the absence of pleading or conduct of the parties constituting a waiver of the required form, the defense of nonexecution of the instrument sued on must be by written, sworn plea of non est factum whether in Justice of the Peace or General Sessions Courts, or upon appeal therefrom in Circuit Court.

The note upon which this suit is based appears in the record as an exhibit, duly authenticated by the trial judge. It purports to bear the signatures of each of the defendants.

T.C.A. sec. 24-506 is as follows:

Every written contract, instrument, or signature purporting to be executed by the party sought to be charged, his partner, agent, or attorney in fact, and constituting the foundation of an action, is conclusive evidence against such party, unless the execution thereof is denied under oath.

Inasmuch as no denial of execution was made under oath, either in pleading or testimony, the note itself was and is not only evidence, but conclusive evidence, against these defendants in respect to the due execution thereof.

The defendants' first assignment of error is respectfully overruled.

Defendants' second and third assignments of error are:

2. The Trial Court erred as a matter of law in holding that the note in question was not usurious on its face as a matter of law and therefore void.

3. The Trial Court erred as a matter of law in holding that the note in question was not usurious on its face as a matter of law and therefore entitling the defendants credit for the interest charged.

The note provides for "interest on unpaid balance at the rate of one per cent per month."

T.C.A. sec. 47-14-104 (formerly sec. 47-1604), provides:

The amount of said compensation shall be at the rate of six dollars ($6.00) for the use of one hundred dollars ($100) for one (1) year; and every excess over that rate is usury.

There is no evidence in the record of this case that the charges of one per cent per month consisted of anything other than interest, or that any charges were made for any cause other than interest.

In the case of Rush v. Chattanooga Du Pont Employees' Credit Union, 210 Tenn. 344, 358 S.W.2d 333 (1961), the Court said:

The note which is the basis of this suit makes no reference to *other charges* but merely says that said weekly payments shall be made "with interest on unpaid balance at the rate of one per cent per month". Therefore, the note is usurious on its face and unenforceable. White v. Kaminsky, 196 Tenn. 180, 264 S.W.2d 813. 210 Tenn. at 348, 358 S.W.2d at 335.

It is insisted, however, that the present case is not controlled by the foregoing Tennessee statute and deci-

sions because the plaintiff was organized and operating pursuant to 12 U.S.C.A. sec. 1757, which is, in part, as follows:

A Federal credit union shall have succession in its corporate name during its existence and shall have power—

\* \* \* \* \* \*

(5) To make loans with maturities not exceeding three years to its members for provident or productive purposes upon such terms and conditions as this chapter and the bylaws provide and as the credit committee may approve, at rates of interest not exceeding 1 per centum per month on unpaid balances (inclusive of all charges incident to making the loan) : * * *.

In the case of Van Pelt v. P. and L. Federal Credit Union, 39 Tenn.App. 363, 282 S.W.2d 794 (1955), this Court cited with approval a number of authorities from other jurisdictions to the effect that the enactments of the Federal Congress in relation to lawful interest charges by federally chartered financial institutions are controlling in spite of contrary enactments by a State legislature, and specifically held that 12 U.S.C.A. sec. 1757, quoted above, authorizes a federally chartered employees' credit union to charge interest of one per cent per month. Defenses of usury were rejected and judgment affirmed for the principal and interest claimed. This Court's disposition of the *Van Pelt* case is controlling in the present case.

On the reverse side of the note, over the signatures of the defendants, is the following printed provision:

## PLEDGE OF SHARES

I/We hereby pledge the amount of the shareholdings indicated below and I/We have in this credit union as security for the loan evidence by the note appearing on the reverse of this form. I/We hereby authorize this Credit Union to apply the shareholdings so pledged to the payment of said loan and interest, late charges, costs or expenses that may accrue thereon.

The defendants insist that this provision is an agreement to pay more than the maximum total charges of one per cent per month and thereby the instrument is rendered usurious "on its face."

The percentage of interest is inserted in a blank provided in the printed body of the note on its face, which is signed by the parties and appears to be a complete instrument without reference to or resort to the reverse face of the note. The "Pledge of Shares" which appears on the reverse face of the note appears to be a separate collateral instrument, entirely printed, without the insertion of any special information or words, except the signatures of the defendants. The "Pledge of Shares" is not a promise to pay, but a security agreement, general in nature, which undertakes to subject pledged security to the satisfaction of such obligations as may be or become due in connection with the note referred to. The inclusiveness of its general terminology cannot be interpreted as a specific agreement to pay usury.

In the case of White v. Kaminsky, 196 Tenn. 180, 264 S.W.2d 813 (1954), the Supreme Court held that usury appearing in a trust deed securing a note did not constitute usury "upon the face of the note" so as to invalidate the note.

We do not hold that the "face" of an instrument is confined to one side of a piece of paper. We do hold that a separately signed security or pledge agreement on the reverse side of a note is a separate instrument as though inscribed upon a separate piece of paper. The "Pledge of Shares" is, therefore, not "on the face of" the note, and its provisions cannot invalidate the note.

Defendants' second and third assignments of error are respectfully overruled.

Each of the defendants' assignments of error having been overruled, the judgment of the trial court is affirmed with costs.

Shriver, P. J., and Puryear, J., concur.