Porter DEPEW et ux., etc., Plaintiffs,

v.

The HANOVER INSURANCE
COMPANY, Defendant.

Porter DEPEW et ux., etc., Plaintiffs,

v.

INSURANCE COMPANY OF NORTH
AMERICA, Defendant.

Porter DEPEW et ux., etc., Plaintiffs,

v.

The CONTINENTAL INSURANCE
COMPANY, Defendant.

Nos. CIV–2–75–131 to CIV–2–75–133.

United States District Court,
E. D. Tennessee,
Northeastern Division.

May 28, 1976.

See also, D.C., 73 F.R.D. 101.

Howard W. Rhea, Sneedville, Tenn. and
Donald B. Oakley, Morristown, Tenn., for
plaintiffs.

Dennis L. Babb, and David E. Smith,
Knoxville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

■ The defendant The Hanover Insurance Company moved for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure, contending that the plaintiffs were required to furnish notice and a proof of loss, as required by the insurance contract of such parties, as a condition precedent to any recovery against it herein. The motion lacks merit.

Notice and proof of loss are conditions precedent to any recovery on an insurance contract requiring the furnishing of the same. *Fisher v. Mutual of Omaha Insurance Company* (Tenn., 1973), 503 S.W.2d 191, 193[1]. However: " * * * It is well settled that a denial of liability [by an insurer] for reasons other than a failure to furnish the proof of loss operates to waive that provision in the policy * * * ", *Ins. Co. of N. A. v. Banker*, C.A.Tenn. (1929), 9 Tenn.App. 622, 632[5], certiorari denied (1929); and also it is " * * * well settled that a waiver of stipulations or conditions in a policy requiring proof of loss, and prescribing the form and requisites thereof, may be implied by the facts and circumstances, or from words or conduct of the insurance company, its officers or agents

* * * ", *Sexton v. Hartford Fire Ins. Co.*, C.A.Tenn. (1928), 7 Tenn.App. 273, 282[4], certiorari denied (1928). The plaintiffs claim such an implied waiver from the facts and circumstances of the insurors' sending appraisers and an engineer to investigate the loss involved. Whether there was such an implied waiver, accordingly, is a genuine issue of material fact which cannot be adjudicated pretrial on a motion for a summary judgment. Rule 56(c), Federal Rules of Civil Procedure.

On exception of such defendant, II(c) of the pretrial order of April 9, 1976 hereby is AMENDED, by substituting on page 4, line 3 thereof the word, other, for the word, no. III(e), (f) thereof hereby is AMENDED, by striking therefrom the word, valued.

On the motion of such defendant, the plaintiffs Mr. Porter DePew and Mrs. Lena DePew hereby are ORDERED to comply forthwith with the request of such defendant of March 31, 1976 for the production of the documents requested therein. Rule 37(a)(1), Federal Rules of Civil Procedure. The Court hereby RESERVES the issue of whether such defendant will be awarded the expenses of its motion to compel discovery. Rule 37(a)(4), Federal Rules of Civil Procedure.

■ The application of such defendant for the addition of another witness hereby is DENIED, as not being in compliance with the practice of this Court in this division,* but without prejudice to such defendant's supplementing such application in compliance with such practice.

---

* Under such practice, the exceptor is required to file with such exception a copy of a letter directed to all adverse counsel reflecting the identity, present whereabouts, and the nature of the testimony or other evidence to be offered by such witness.