**Miriam PINZER, Plaintiff,**

v.

**Joseph L. WOOD et ux., Defendants, Third-Party Plaintiffs, and Plaintiffs-By-Counterclaim,**

v.

**KENT UNIFORM COMPANY, Third-Party Defendant and Defendant-By-Counterclaim.**

**No. CIV-2-78-84.**

United States District Court, E. D. Tennessee, Northeastern Division.

Feb. 28, 1979.

On Motion For Summary Judgment May 1, 1979.

J. Frank Bryant, Bryant, Price, Brandt, Jordan & Williams, Johnson City, Tenn., for plaintiff.

Jerry W. Laughlin, Silvers, Randall & Laughlin, and John T. Milburn Rogers, Bell & Rogers, Greeneville, Tenn., for defendants, third-party plaintiffs, and plaintiffs-by-counterclaim.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The third-party defendant Kent Uniform Company (Kent) moved the Court to dismiss the third-party claim against it herein on the ground that same is not authorized by Rule 14, Federal Rules of Civil Procedure. The Court, having suggested at the pretrial conference that a motion to dismiss such third-party claim for its failure to state a claim upon which relief can be granted might be in order, and the present motion essentially contending that, the Court hereby TREATS such motion as one for the dismissal of the third-party claim herein for the failure of the third-party plaintiffs to state a claim upon which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure.

■ The third-party claim is stated in the pretrial order[1] as follows:

* * * The third-party plaintiffs Mr. and Mrs. Wood claim that from June 24, 1976 to March 14, 1977 the third-party defendant Kent caused Wood [Manufacturing Company] to perform services for it under an agreement between these two companies, but for which Kent refused to pay Wood, thus causing its default under the aforementioned notes; that Kent further refused to allow Wood to use any portion of a certain $30,000 loan to pay the notes resulting in its default upon them; that the default on the notes was the proximate result of Kent's breach of its agreement with Wood; and that they are entitled to judgment against the third-party defendant Kent for all or a portion of any judgment rendered against them herein for the plaintiff.

\* \* \* \* \* \*

Rule 14(a), Federal Rules of Civil Procedure, authorized the impleader of Kent herein only if that party is, or may be, liable to Mr. and Mrs. Wood for all or part of the plaintiff's claim against them. This rule does not create, or enlarge upon, any substantive right a proposed third-party plaintiff may have under applicable state law. *Stiles v. Porter Paint Co.,* D.C.Tenn. (1976), 75 F.R.D. 617, 619[6].

■ In a diversity case, such as this, the joinder of a third-party defendant depends on the existence of a state-created liability between the defendant and the third-party defendant. *Idem.* The question, whether a substantive right is extant which can be the basis of a third-party claim, is governed herein by Tennessee law. *Dawn v. Essex Conveyors, Inc.,* D.C.Tenn. (1973), 379 F.Supp. 1342, 1344[3], affirmed C.A. 6th (1974), 498 F.2d 921, certiorari denied (1974), 419 U.S. 1040, 95 S.Ct. 528, 42 L.Ed.2d 317.

■ The third-party claim herein appears to seek some form of indemnity or contribution from Kent for any judgment in favor of the plaintiff which may be rendered against Mr. and Mrs. Wood herein. Tennessee has recognized a substantive right to contribution between tort-feasors under the doctrine of active/passive negligence, see *ibid.,* 498 F.2d at 924–925; and " * * * where two (2) or more persons are jointly [liable] or severally liable in tort for the same injury, * * * " T.C.A. § 23–3102(a).[2] This, however, is not an action in tort but a suit to recover the balance due under promissory notes. Furthermore, there is no claim made of any negligence by anyone, active or passive.

---

1. The pretrial order provides that it shall supplant the pleadings. See Rule 16, Federal Rules of Civil Procedure and *United States v. Hougham* (1960), 364 U.S. 310, 315, 81 S.Ct. 13, 5 L.Ed.2d 8, 14 (headnote 4), rehearing denied (1960), 364 U.S. 938, 81 S.Ct. 376, 5 L.Ed.2d 372.

2. Tennessee's adoption of the Uniform Contribution Among Tort-Feasors Act, T.C.A. §§ 23–3101, et seq., is interpreted as having changed the substantive law of contribution of this state. *Cole v. Arnold* (Tenn., 1977), 545 S.W.2d 95, 97[1, 2]; *Carey v. Jones* (C.A.Tenn., 1976), 546 S.W.2d 814, 817[2], certiorari denied (1977).

Tennessee recognizes a substantive right also to indemnity under the doctrine of active-passive negligence, *Dawn v. Essex Conveyors, Inc., supra,* and in addition, where there exists either an expressed or implied contract of indemnity, *Houseboating Corp. of America v. Marshall* (Tenn., 1977), 553 S.W.2d 588, 589[1]. No claim is made that any such indemnity contract existed between Mr. and Mrs. Wood and Kent.

Mr. and Mrs. Wood cited no authority entitling them to a right under the substantive Tennessee law to recover indemnity or contribution under the facts alleged herein. The Court's independent research has revealed no Tennessee statute or judicial authority giving the third-party plaintiffs a cause of action against Kent under the circumstances alleged in their third-party claim; nor, is there the slightest indication that the Tennessee Supreme Court, if faced squarely with this issue, would recognize such a cause of action. Where the law of Tennessee is applicable, there can be no recovery on a cause of action which does not appear to exist in this state. See *Becker v. Celebration, Inc.,* C.A. 6th (1976), 541 F.2d 156, 159[4]. " * * * Liability cannot be based on an opinion of a litigant. * * * " *Idem.*

The defendants herein do not set forth the existence of any liability which has been created by the state of Tennessee between them and the third-party defendant. Being unable to discern any substantive right under Tennessee law which would or might render Kent liable to Mr. and Mrs. Wood for all or part of the plaintiff's claim

against them, the motion of Kent hereby is GRANTED. The third-party claim herein hereby is DISMISSED for its failure to state a claim upon which relief can be granted.

Exceptions nos. 1,[3] 2,[4] 3,[5] and 4[6] of the plaintiff of January 25, 1979 to the pretrial order herein of January 23, 1979, each, hereby is

DISALLOWED.

All other matters are RESERVED.

## ON MOTION FOR SUMMARY JUDGMENT

This is an action to recover the balance due under two promissory notes assigned to the plaintiff. 28 U.S.C. § 1332(a)(1). The plaintiff moved for a summary judgment as to her claim under each such note, submitting in support of such motion an affidavit[1] and certain exhibits. Rules 56(b), (e), Federal Rules of Civil Procedure. The motion has merit as to each such claim.

The defendants Mr. Joseph L. Wood and his wife Mrs. Juanita Wood executed on May 6, 1969 a promissory note payable to the Banking and Trust Company of Jonesboro, Tennessee (now known as the First Tennessee Bank and Trust Company of Jonesboro) in the principal amount of $40,000. Mr. and Mrs. Wood admit that there is due under such note the sum of $14,458.77, with interest thereon to the date of judgment, plus publication costs of $249.00 and attorney's fees of $300.00. Response no. 23 to the plaintiff's request for admissions

3. If the figure contained in line 4 of page 5 of the pretrial order is incorrect, the plaintiffs-by-counterclaim Mr. and Mrs. Wood should except thereto so as to correct any such error.

4. These exceptions are unnecessary, the same being generally implicit in V(b), to any extent relevant.

5. Counsel should follow the practice in this division relating to late exhibits.

6. The pretrial order does not contain a list of witnesses for the plaintiff, and the court reporter has noted that Mr. Bryant, Esq., stated that he did not have a list of witnesses. The procedure in this division for late witnesses must be

followed. See *Depew v. Hanover Ins. Co.,* D.C. Tenn. (1976), 76 F.R.D. 7, 8, n.

1. Such affidavit contains certain matters which would not be admissible at trial and, thus, are not properly included in the affidavit. Rule 56(e), Federal Rules of Civil Procedure; *Baxter v. Railway Express Agency, Inc.,* C.A. 6th (1972), 455 F.2d 693, 696[1]. The Court has disregarded those inadmissible portions and has considered only those facts stated in the affidavit which would be competent evidence at trial. *Wimberly v. Clark Controller Company,* C.A. 6th (1966), 364 F.2d 225, 227[5].

herein of December 15, 1978. Mr. and Mrs. Wood also admit that the claim under the aforementioned note has been assigned to the plaintiff herein. *Idem.* Accordingly, as to the plaintiff's claim under this note, there are no genuine issues of material fact extant between the parties herein, and the plaintiff is entitled to judgment as a matter of law in the amount of $15,007.77, plus interest.

The second promissory note, which also has been assigned to the plaintiff, was executed on June 24, 1976 by Wood Manufacturing Company, Inc. (Wood Manufacturing) and made payable to Kent Uniform Company, Inc. in the amount of $85,000, with interest thereon at 8½% per annum. That note was secured by a security agreement upon certain personal property of Wood Manufacturing and by a third deed of trust on a parcel of realty owned by Mr. and Mrs. Wood. Mr. and Mrs. Wood " * * * unconditionally guarantee[d] the payment of this note * * *" and agreed that the same would be secured by the aforementioned third deed of trust. Wood Manufacturing defaulted on the note without having paid anything thereon. In bankruptcy proceedings in this Court, *In Re Wood Manufacturing Company, Inc.,* no. 11,415 in bankruptcy, the personalty securing said note was sold, and $67,000 derived from such sale was paid on the balance due under the note. Neither Wood Manufacturing nor Mr. and Mrs. Wood have made any additional payments thereon, and there is thus now due under this note $18,000, plus appropriate interest.

Mr. and Mrs. Wood admit signing the aforementioned guarantee on the $85,000 note.[2] Response no. 1 to plaintiff's request for admissions filed herein on December 15, 1978. This being so, the production of that

note by the plaintiff, as the holder thereof, entitles her to recover thereunder unless Mr. and Mrs. Wood establish a defense. T.C.A. § 47-3-307(2). Although Mr. and Mrs. Wood have alleged certain defenses to their liability under this note, see II(b) of pretrial order herein, they have not come forward to demonstrate the existence of any genuine issue of material fact relating thereto. Instead, they have elected to rely upon the allegations and denials of their pleadings.[3]

What Rule 56(e), *supra,* makes clear is that a party against whom a properly supported motion for summary judgment is made cannot rest on the allegations of his or her pleadings. *First National Bank v. Cities Service Co.* (1968), 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569, 592[15]. " * * * 'It has always been perilous for the opposing party neither to proffer any countering evidentiary materials nor file a Rule 56(f) affidavit.' * * *" *Adickes v. Kress Co.* (1970), 398 U.S. 144, 161, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 156. Faced with the materials upon which the plaintiff based her motion for summary judgment, the defendants " * * * [were] required to make a response which set forth specific facts showing the existence of a genuine issue for trial. * * *" *Thompson v. Chrysler Corporation,* C.A. 6th (1978), 569 F.2d 989, 992. This, they have not done.

The defendants' contention that " * * * [f]or purposes of the Motion for Summary Judgment, the allegations within the pleadings must be construed in the light most favorable to the Plaintiff [sic: defendants] and deemed to be true * * *" is misplaced. The cases cited for this proposition, *Jenkins v. McKeithen* (1969), 395 U.S.

---

**2.** *Cf.* also: T.C.A. § 24-506, T.C.A. § 47-3-307(1), and *Birdwhistell v. Y-12 Employees Federal Credit U.,* C.A.Tenn. (1967), 57 Tenn. App. 621, 422 S.W.2d 896, 899[2], certiorari denied (1968).

**3.** In their brief in response to the pending motion for summary judgment, Mr. and Mrs. Wood contend that " * * * [s]ince the moving party has not offered matters beyond the scope of the pleadings, the allegations al-

leged by the [d]efendants in their pleadings for the purpose of this [m]otion must be considered to be true. * * *" This statement simply is incorrect. In support of her motion, the plaintiff relied specifically upon answers to interrogatories, admissions of the defendants, the affidavit of Mr. Salomon C. Oliner, and certain exhibits which were admitted into evidence by the Court at the pretrial conference.

411, 89 S.Ct. 1843, 23 L.Ed.2d 404, and *Gardner v. Toilet Goods Assoc.* (1967), 387 U.S. 167, 87 S.Ct. 1526, 18 L.Ed.2d 704, involved motions to dismiss an action for its failure to state a claim upon which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure. Here, however, the plaintiff has moved for a summary judgment and supported such motion with an affidavit and other evidentiary materials. The defendants, not having responded to such motion with their own countering evidentiary materials, the facts set forth in the plaintiff's documents stand as uncontroverted. *R. E. Cruise, Incorporated v. Bruggeman,* C.A. 6th (1975), 508 F.2d 415, 416. Under these circumstances, the mere hope by the defendants that evidence might surface at trial to support their position does not suffice to warrant a trial. 6 Moore's Federal Practice (2d ed.) 56–422, ¶ 56.15[1.—06].

■ Summary judgment procedure " * * * is clearly intended to be used to pierce the allegations of the pleadings and allow the trial court to dispose of the case in advance of the hearing on the merits when the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact. * * * The objective is to separate the sham and insubstantial from the real and genuine issues of fact. * * * " *Bryant v. Commonwealth of Kentucky,* C.A. 6th (1974), 490 F.2d 1273, 1274–1275[4, 5]. Its purpose is not to cut litigants off from their right of trial by jury if they really have genuine factual issues to try. *Poller v. Columbian Broadcasting System* (1962), 368 U.S. 464, 468, 82 S.Ct. 486, 7 L.Ed.2d 458, 461[2]. Thus, while the Court was required to, and did, construe *the evidence* against the plaintiff and in its most favorable light to the defendants and resolved all doubt against the moving party, *Board of Ed., Cincinnati v. Department of H. E. W.,* C.A. 6th (1976), 532 F.2d 1070, 1071[1, 2], there was no requirement that it construe the bare allegations of the defend-

ants' pleadings as true. The whole purpose of summary judgment procedure would be defeated " * * * if a case could be forced to trial by a mere assertion that a genuine issue exists, without any showing of evidence. * * * " *Short v. Louisville And Nashville Railroad Company,* D.C. Tenn. (1962), 213 F.Supp. 549, 550[2].

■ Furthermore, the defenses which Mr. and Mrs. Wood raise as to this note appear insufficient as a matter of law. The defendants cite no authority in support of their defensive theories, and the Court's independent research has disclosed none. Any such defense would appear to fly in the face of the unconditional guarantee of Mr. and Mrs. Wood that this note would be paid. "Unconditional" means " * * * absolute, unreserved * * *." Webster's New Collegiate Dictionary, pp. 925–926. Accordingly, as to the plaintiff's claim under this note, there are no genuine issues of material fact extant between the parties herein, and the plaintiff is entitled to judgment as a matter of law in the amount of $18,000, representing the unpaid principal due under such note, plus appropriate interest.

It results, that interlocutory summary judgment will enter:

(a) that as to the $40,000 promissory note of May 6, 1969, the plaintiff recover from the defendants the sum of $15,007.77 plus interest;

(b) that, as to the $85,000 promissory note of June 24, 1976, the plaintiff recover from the defendants the sum of $18,000 plus interest; and,

(c) that the plaintiff is authorized to proceed, according to law, to foreclose on the realty which, by deeds of trust, secures each of the foregoing notes, by sales or otherwise.

Entry of a final judgment herein will await the determination and allowance by the Court of the amount of interest due the plaintiff on these notes [4] and the award to

---

**4.** Counsel should attempt to stipulate the amount of interest due on each such note. In the event this cannot be done, counsel should so advise the Court and the Court will calculate the same or will consider the appointment of a special master so to do.

the plaintiff of a reasonable attorney's fee as provided for in each such note.